### J. D. LASATER ET AL. v. RANDALL WAITS.

No. 1117. Decided June 2, 1902.

**Venue—Trespass—Action on Sheriff's Bond.**

Sureties upon a sheriff's bond are entitled to be sued in the county of their residence, though the action on the bond is for damages from a trespass to plaintiff's person committed by the sheriff or his deputy, not joined as defendants, and is brought in the county where the trespass was committed. (Pp. 554-556.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Comanche County.

Waits sued Lasater and others and recovered judgment, from which defendants appealed, and on its affirmance they obtained writ of error.

*Craddock & Looney, Neyland & Neyland, J. H. McMillan,* and *Wynne & McCarty,* for plaintiff in error.—This action being ex contractu, based upon the official bond of John C. O'Neal, as sheriff of Hunt County, Texas, which by its terms did not obligate appellants to perform an obligation in any particular county, and all the defendants being residents of Hunt County, they were not suable in the District Court of Comanche County, over their objections, for the negligence or wrongful acts of Keith, the deputy sheriff of Hunt County, in transporting plaintiff from Proctor, in Comanche County, to Coleman, in Coleman County. Sayles' Stats., art. 1194; 44 S. W. Rep., 537; 48 S. W. Rep., 5; 58 Texas, 332.

The acts of Keith, deputy sheriff of Hunt County, in negligently removing plaintiff from Proctor, Comanche County, to Coleman, in Coleman County, whereby he was injured, were not the acts of appellant, or either of them, and would not give the District Court of Comanche County jurisdiction over appellants in a suit against them as sureties on the official bond of the sheriff of Hunt County.

*J. H. Goodson,* for defendant in error.—A "trespass" within the meaning of subdivision 9, article 1194, Batts' Annotated Civil Statutes, is any affirmative, wrongful, unlawful act, which results either directly or indirectly to the injury of another, either in his person or his property, and for which a civil action in damages will lie. Ricker v. Shoemaker, 81 Texas, 25; Hill v. Kimball, 76 Texas, 216; Conner v. Saunders, 81 Texas, 636; Conner v. Sanders, 9 Texas Civ. App., 56; Austin v. Cameron, 83 Texas, 353.

It is the subject matter of the suit that confers jurisdiction in the

county of the trespass, and this without reference to the circumstances or manner of liability, under subdivision 9, article 1194; and as the officer committed the trespass in Comanche County, and the plaintiffs in error are liable for such trespass, the fact that their liability arises by reason of their suretyship does not change the fact that the foundation of the suit as to them is a trespass, and being so, the venue was properly laid in Comanche County. Batts' Stats., art. 1194, subdiv. 9, and authorities cited under first proposition.

It is respectfully urged that subdivision 9, above, was intended to confer jurisdiction by reason alone of the subject matter of the suit, without reference to the manner in which any defendant liable for the trespass became liable. It is believed that if the statute had intended to mean that jurisdiction only attached to those who committed the trespass or aided and encouraged its commission, or who were bound therefor on the principle of principal and agent, that it would have so stated. The terms employed are general and seem to have been intended to give a right of action in the county where the trespass was committed, by reason of the fact that the foundation of the cause of action grew out of a trespass committed in the county.

WILLIAMS, Associate Justice.—The judgment from which this writ of error is prosecuted was recovered by the defendant in error against the plaintiffs in error, as sureties upon the official bond of J. C. O'Neal, sheriff of Hunt County. The suit was brought in Comanche County, and is based upon what is claimed to have been a trespass committed in that county upon the person of defendant in error by one Keith, a deputy of O'Neal, who had defendant in error in his lawful custody, conveying him, as an attached witness in a felony case, to Coleman County. The plaintiffs in error all resided in Hunt County, and neither the sheriff nor his deputy was sued. These facts appeared upon the face of the petition, and plaintiffs in error, by special exceptions, as well as by plea, asserted their privilege of being sued in the county of their residence. The exceptions and plea were overruled and plaintiff recovered judgment which, on appeal, was affirmed by the Court of Civil Appeals.

We are of the opinion that the exceptions and plea were well taken and should have been sustained. It will be assumed for the purposes of this case that the acts of Keith constituted a trespass for which he might have been sued in the county where it was committed, and that the sureties on the sheriff's bond would be liable upon it for the damages suffered by the injured party; but we do not agree to the proposition that plaintiffs in error, who were in no way participants in the trespass, could be sued in the county of the trespass to enforce their contractual liability without joining a party guilty of the trespass. Whether they could have been sued in that county along with the trespasser is a question not involved.

The rule declared by the statute is that an inhabitant of this State

shall not be sued out of the county of his domicile, except in specified cases. The ninth exception is:

"9. Where the foundation of the suit is some crime, or offense, or trespass, for which a civil action in damages may lie, in which case the suit may be brought in the county where the crime or offense or trespass was committed, or in the county where the defendant has his domicile."

It is to be remembered that this is an exception to a general rule, and must be construed as such. The rule of construction which has always been applied in this State, is that a plaintiff, basing his action upon one of the exceptions, must bring his case clearly within it. The defendant is not to be denied the privilege of being sued where he resides upon a strained or doubtful construction of the exceptional provision. The contention here is that the statute "intended to confer jurisdiction by reason alone of the subject matter of the suit, without reference to the manner in which any defendant liable for the trespass became liable." We think the plain and natural meaning of the statute is that the parties guilty of the trespass may be sued out of the county of their residence and in that where the trespass occurred. The alternative provision that the suit may be brought in the county of the residence of the "defendant" indicates this. It shows that the Legislature had in mind only one defendant who must necessarily be the trespasser. This would include every trespasser, as each would come under the express provision. But when we attempt to include in the exception other defendants who are not trespassers, we add something to the provision, which can not be done without violating the general rule.

In actions against the trespassers, the foundation, and the whole foundation, of the action is the trespass, and the case comes wholly within the exception; but in suits like this, while the trespass is an essential element, the liability of the defendants arises from their contract, and it is upon that the action is really founded. The language of the statute is not broad enough to clearly embrace such a case, and it can not be extended by construction.

We are not aware that the precise question has been decided by this court. It was noticed and a grave doubt as to the correctness of the same contention as that of defendant in error was expressed in McRea v. McWilliams, 58 Texas, 328; but the decision turned upon another point. It was not involved in the case of Conner v. Sanders, 9 Texas Civil Appeals, 56, in which a writ of error was refused by this court. That case merely decided that a master or principal could be sued for a trespass committed by his servant or agent, within the scope of his employment, in the county where such trespass occurred. The master or principal was in law a trespasser as fully as the representative by whom he did the wrong. In no sense are the deputies of a sheriff agents or servants of the sureties on the official bond, and the latter are not participants in trespasses committed by those officers merely because they are sureties. Such liabilities as result to them flow purely from the conditions of the bond.

While the decisions heretofore made do not quite reach this question, the reasoning in those construing other exceptions in the venue statute lead to the view which we have stated. Behrens Drug Co. v. Hamilton & McCarty, 92 Texas, 284; Lindheim & Bro. v. Muschamp, 72 Texas, 35; Cohen v. Munson, 59 Texas, 236.

The judgments of the Court of Civil Appeals and of the District Court are reversed and the cause dismissed.

*Reversed and dismissed.*