STEPHENS v. FIRST NAT. BANK OF NEW BOSTON et al.†

(Court of Civil Appeals of Texas. Dallas. March 23, 1912. Rehearing Denied April 20, 1912.)

1. VENDOR AND PURCHASER (§ 306*)—REMEDIES OF PURCHASER—RECOVERY OF EARNEST MONEY.

Though a contract for the sale of land was so indefinite as to the person to whom the deed should be made, and as to the payee of the notes for the balance of the price, that it could not be specifically enforced, where it clearly provided that the vendor's agent deposited $1,000 as a guaranty that he, as agent for the vendor, would cause a sufficient warranty deed to be delivered to the purchaser, and the purchaser deposited a like sum as a guaranty that he would, upon delivery of the deed, pay the price, the contract was sufficient to enable either party to maintain a suit to recover his deposit upon breach by the other.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 873–876; Dec. Dig. § 306.*]

2. PRINCIPAL AND AGENT (§ 188*)—ACTIONS—PARTIES.

The purchaser's agent in making the contract of purchase was not a proper or necessary party to a suit by the purchaser to recover his deposit of earnest money on the vendor's failure to consummate the sale.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 711, 712; Dec. Dig. § 188.*]

3. VENUE (§ 22*)—CODEFENDANTS—DISTINCT CAUSES OF ACTION.

Under Rev. St. 1895, art. 1194, subd. 4, providing that, where defendants reside in different counties, the suit may be brought in either county, the cause of action asserted against one defendant must be the same as that against the other, so that where, in an action by the purchaser to recover a deposit of earnest money, and to forfeit the vendor's deposit, brought against the vendor, the purchaser's agent in making the contract of sale, and others, the action against the agent was on his personal guaranty that the deposit should be returned, if the sale was not consummated, while that against the other defendants was that they fraudulently claimed a forfeiture after breaching the contract themselves, the causes of action were distinct, so that the defendants, other than the agent, could not be sued in a county in which they did not reside.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

4. VENUE (§ 22*)—CODEFENDANTS—DISTINCT CAUSES OF ACTION.

Evidence, in an action by a purchaser to recover his deposit of earnest money, as well as the vendor's deposit upon the latter's failure to convey, held to show that the guaranty of the purchaser's agent, who was made a defendant, that the purchaser's deposit should be returned was the personal guaranty of the agent, so that the action could not be maintained as to the defendants, other than the agent, in the county of the agent's residence;

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes
† Application for writ of error dismissed by Supreme Court.

such other defendants not residing in such county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

**5. VENUE (§ 32*)—RESIDENCE—WAIVER OF PRIVILEGE.**

In an action by a purchaser of land to recover his deposit of earnest money and the vendor's deposit, because of the vendor's forfeiture thereof by his breach, the answer concluded: "Wherefore, having answered, these defendants pray that they may be discharged with their costs; that it be adjudged that the plaintiff forfeit his $1,000 deposit; and they pray for general relief." *Held,* that the quoted part of the answer was not in legal effect a cross-action, so as to waive defendants' plea of privilege to be sued in another county, even if the filing of a cross-action would do so.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 47–50; Dec. Dig. § 32.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by G. A. Stephens against the First National Bank of New Boston and others. From a judgment dismissing the case as to certain defendants, and transferring the proceedings to another district court, plaintiff appeals. Affirmed.

M. M. Plowman and W. H. Clark, both of Dallas, for appellant. A. B. Flanary, of Dallas, A. L. Beaty, of Houston, and R. M. Hubbard, of New Boston, for appellees.

RASBURY, J. Appellant, the plaintiff in the lower court, sued upon the following written contract, to wit: "This memorandum witnesseth: That we, M. A. Hart and E. M. Gleason, have this, the 15th day of February, 1907, made and entered into the following agreement: The said M. A. Hart, as agent of the Applewhite estate of Mississippi, has this day sold to G. A. Stephens of Moline, Illinois, the following tract of land, being two certain parcels known as William and John Paston H. R. surveys in Bowie county, Texas. Said tracts of land are now supposed to contain 5,381 acres, the price of said land being $6.50 per acre. Each of said parties agree to deposit the sum of $1,000 as forfeit money, as follows: The said M. A. Hart deposits the said sum of $1,000 as a guaranty that he as agent for the said Applewhite estate will cause to be delivered to said G. A. Stephens a good and sufficient warranty deed to the said above mentioned lands within thirty days or some reasonable time thereafter together with an abstract of same. The said G. A. Stephens, through his agent, E. M. Gleason, deposits the sum of $1,000 as a guaranty that he will upon the delivery within a reasonable time of the above-mentioned deed, provided the examination of the abstract shows a good title, pay to the said M. A. Hart the sum of $34,-976.50, as follows: The sum of $11,658.83, a portion of which shall be the sum of $1,000 put up as a forfeit, and the remainder on ten years time at the rate of 8 per cent., or

at any time after the delivery of deed at the option of said G. A. Stephens, said payments to be made hereafter as represented by the notes of the said G. A. Stephens, as agreed upon hereafter by the said parties, the interest payable annually, the said notes retaining a vendor's lien on said land. Witness our hands this the 15th day of February, 1907. [Signed] M. A. Hart. E. M. Gleason, Agent G. A. Stephens."

Appellant alleged that the two $1,000 forfeits mentioned in the contract were deposited with D. A. Chambers, as trustee, who was cashier of the First National Bank of New Boston, and that the money was by him deposited in said bank; that Chambers and the bank received the money with full knowledge of the contract and all the facts surrounding the transaction; that the title to the land described in the contract, on examination, proved defective, which relieved appellant from performance thereof, and he sued for the return of the $1,000 deposited by him, as well as for the $1,000 deposited by Hart, alleging that the defective title to the land and Hart's failure to furnish deed to the land from the owners entitled him to the return of his $1,000 and the forfeiture of the other $1,000; that the agreement had been further breached by procuring a deed to be executed by the real owners of the land to one W. O. Lowry, from whom appellant was under no obligation to accept a conveyance, because the agreement called for a general warranty deed from the owners of the land, who were financially able to protect their warranty, while said Lowry was not, and that a deed from the owners to appellant never was secured or tendered; that, after breaching the contract, as aforesaid, the defendants, Hart, Chambers, and the bank, fraudulently conspired together and converted said $2,000 wrongfully to their own use, and divided same among themselves. The First National Bank of New Boston was domiciled in Bowie county, Tex.; D. A. Chambers and M. A. Hart resided in said Bowie county; E. M. Gleason resided in Dallas county; and R. R. Applewhite, H. L. Paxton, H. L. Applewhite, A. M. Callendar, his wife, Catherine E. Callendar, and J. M. Paxton, alleged owners of the land, were nonresidents, except H. L. Applewhite, who was alleged to be a resident of Bexar county, and as to whom appellant dismissed his suit. Of those sued, only Gleason, the bank, Hart, and Chambers, so far as the record shows, filed pleadings and defended the suit. Gleason filed the general demurrer and denial. Appellant, in his petition, alleged that Gleason was interested in making the sale, and agreed to return the $1,000 to appellant in the event the sale was not consummated, and, in consideration of his interest, guaranteed appellant that if, for any reason, the trade was not carried out he would repay appellant

*For other cases see same-topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

said $1,000 placed with him, and that, relying upon said agreement, appellant paid Gleason the $1,000.

Appellees M. A. Hart, D. A. Chambers, and First National Bank filed a plea of privilege on March 9, 1908, claiming the privilege of being sued in Bowie county, Tex., their place of residence, and alleging that Gleason was improperly joined as a defendant, and that appellant's cause of action, if any, against him was independent of his pretended cause of action against them, and subsequently, on March 17, 1908, they filed answer, including a general demurrer and denial, and other defensive matter, not necessary to detail in disposing of the appeal.

The case was tried before a jury, and, presumably after all the evidence was in and the case was submitted to the jury, the trial judge instructed a verdict by the following charge: "Gentlemen of the jury, the court upon reconsideration of this matter, is of the opinion that the alleged contract made by and between E. M. Gleason, representing G. A. Stephens, and M. A. Hart, for the sale of certain lands in Bowie county, is a void contract, in this: That there could be no specific performance required by either of the parties to the contract enforceable in law— that is, that either party could avoid it on account of vagueness and indefiniteness, and that the contract could not be consummated within itself, unless it was aided and abetted by a subsequent agreement, by and between all parties connected therewith, as to who the deed should be made to and the drafting of notes, and to whom made payable for the balance of the purchase money to be paid upon the land in question. The court is of the opinion that there being a void contract, unenforceable in law, and that Gleason's undertaking to refund the money to said Stephens, if the sale was not consummated, was a matter between Gleason and his principal, Stephens, and that Gleason's guaranty to Stephens was a verbal one, and not in writing, and in no way affected or bound the other parties to said contract, and that no fraud having been shown by Gleason—that is, there is no evidence to show that he acted together with any other parties to defraud Stephens of the alleged forfeit money, and no evidence showing that he colluded with any parties to defraud Stephens in any particular—the court is of the opinion that this suit, brought by Stephens against Gleason in Dallas county, and joining the other defendants, that the court is without jurisdiction of Hart, Chambers, or the First National Bank of New Boston; and therefore the court instructs you to find in favor of the defendants D. A. Chambers, M. A. Hart, and the First National Bank of New Boston on their plea to the jurisdiction, and against the plaintiff, G. A. Stephens."

Under the instruction of the court, the jury reported the following verdict: "We, the jury, under the instructions of the court find in favor of the defendants D. A. Chambers, M. A. Hart, and the First National Bank of New Boston on their plea to the jurisdiction, and against the plaintiff, G. A. Stephens."

Upon the verdict so instructed, judgment was entered, sustaining the plea of privilege filed by the bank, Hart, and Chambers, who were dismissed as to any further proceedings in the Dallas county district court, and the proceedings as to them were ordered transferred to the district court of Bowie county. From the action of the court as detailed above, appellant has appealed.

[1, 2] The appellant, by all his assignments of error, except the tenth, in one way or another, complains of the action of the court in directing the jury to return a verdict for appellees Hart, Chambers, and the bank on their plea of privilege. At the outset, we think we ought to say. that, the suit being one to recover the deposits of money made by the respective parties, and not a suit to enforce specific performance, the court, to say the least, should not have declared in its charge that the contract was unenforceable and void, since, as between appellant and appellees, the contract was sufficient for either of the parties thereto to have maintained thereon, in the proper forum, a suit to recover their respective deposits. However, the fact that the court might have thought and declared the contract a void one is immaterial, since the result of the instruction was to hold that Gleason was not a necessary or proper party to the suit, and hence the venue was improperly laid in Dallas county; and with this holding we concur.

[3] Appellant seeks to hold appellees, who reside in Bowie county, to answer in the district court of Dallas county, under subdivision 4 of article 1194, Rev. St. 1895. This subdivision has been construed many times; and it is, of course, settled that when the same cause of action exists against two persons suit may be brought, under this subdivision, in the county where either defendant resides. The reverse is also true; and if the case asserted against Gleason was not the same as that asserted against the Bowie county defendants, but was a separate and distinct cause of action against Gleason alone, then there was an improper joinder, and the plea of privilege was properly sustained. The charge against Gleason, by the averments of the petition, is that he personally guaranteed to appellant the return or repayment of his money, in the event the trade for any reason failed of consummation.

[4] Gleason testified he agreed with appellant that he "would guarantee the return of said money, in the event the trade did not go through, or the title to the land did not prove good." Appellant testified: "I * * * did give him a check for $1,000,

and he agreed, and did guarantee, that he would return to me the $1,000, if the trade did not go through." If this agreement fixed any liability against Gleason, it, at most, was the personal undertaking of Gleason that, whatever transpired, he would protect appellant in the return of his money, if the trade for any reason failed. On the other hand, the complaint against the other defendants is that, notwithstanding their failure to do any of the things they agreed to do, i. e., furnish abstract showing good title to the land in the Applewhite heirs, and furnish general warranty deed from said heirs when the title was approved, they falsely and fraudulently claimed the forfeiture of the $1,000 deposited for appellant, and appropriated the same to their own use, and divided it between themselves. It is not alleged or proved that Gleason had anything to do with the alleged misappropriation of the money, or that he received any part thereof. On the contrary, it is shown by the uncontradicted testimony that the money went in unequal portions to Hart, Chambers, the trustee, and one Tayloe. The only ground, it seems to us, that could exist for suing the Bowie county defendants outside of the county of their residence would be that Gleason had participated in the acts by which the money had been converted. If Gleason is in any manner liable to appellant for any sum, it is for the $1,000 delivered to him by appellant under the independent and distinct agreement with appellant to protect him in the return thereof in any event; and hence we are of opinion that the acts charged against the other defendants show no cause of action against Gleason. The fact that appellant, in good faith, believed Gleason was liable in like manner as the other defendants is immaterial, since "he is held to a knowledge of the law applicable to the facts of his case." Groos v. Brewster, 55 S. W. 590; Hilliard v. Wilson, 76 Tex. 180, 13 S. W. 25; Railway Co. v. Mangum, 68 Tex. 346, 4 S. W. 617.

[5] The appellees, in concluding their original answer, plead as follows: "Wherefore, having answered fully, these defendants, and each of them pray that they be discharged with their costs; that it be adjudged that the plaintiff forfeit his $1,000 deposit; and they pray for general relief." By his tenth assignment of error, appellant asserts this part of the pleading is, in legal effect, a cross-action, and being such is a waiver of the plea of privilege. While we are inclined to the opinion that the filing of a cross-action, subject to the plea of privilege, is not a waiver of the plea, it is only necessary to say, in passing upon the pleading set out above, that it is not, in our opinion, in any respect a cross-action in a legal sense.

Finding no material error in the record, the judgment of the trial court is affirmed.