WOELFEL et al. v. McKEAN, EILERS & CO. et al. (No. 5440.)

(Court of Civil Appeals of Texas. Austin. March 3, 1915.)

1. APPEAL AND ERROR &#9758;106—DECISIONS REVIEWABLE — INTERMEDIATE DECISIONS — CHANGE OF VENUE—STATUTE.

Under Rev. St. 1911, art. 1833, providing for the transfer of the record upon an order changing the venue on a plea of privilege to the venue, and providing that nothing therein shall prevent an appeal from the judgment sustaining the plea of privilege, where such judgment was entered in a district court, it was reviewable in the Court of Civil Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 726–734; Dec. Dig. &#9758; 106.]

2. VENUE &#9758;21—CHANGE OF VENUE.

In an action to enjoin suit upon an obligation alleged to have been a forgery, where it was not alleged that the defendants, resident in a county other than that of suit, had been connected in the forgery committed in the county of suit, or that they had done any act in such county for which they could be sued therein, their plea of privilege to the venue was properly sustained.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 34; Dec. Dig. &#9758;21.]

Appeal from District Court, Milam County; J. C. Scott, Judge.

Action by John Woelfel and others against McKean, Eilers & Co. and others. From a judgment sustaining defendants' plea of privilege to the venue, plaintiffs appeal. Affirmed.

Wallace & Moore, of Cameron, for appellants. A. T. McKean, of Austin, for appellees.

JENKINS, J. [1, 2] The petition in this case alleges that the German Mercantile Company, a corporation, executed its obligation to appellees for the sum of $2,000, and that the same appears to have been indorsed as guarantors by appellants; that said purported indorsement is a forgery, and that the names of appellants were forged thereon in Milam county, Tex., by one M. B. Leach, and that appellees are threatening to sue upon said obligation in Travis county, Tex., where appellees are alleged to reside. Prayer for injunction. Appellants dismissed their suit against said Leach. Appellees filed in the district court of Milam county their plea of privilege to be sued in Travis county. The court sustained said plea and entered judgment transferring the case to the district court of Travis county, from which judgment appellants have perfected their appeal to this court.

It will thus be seen that the only issue in the case as here presented is as to the correctness of the judgment sustaining said plea of privilege. Appellees, as an independent proposition, assert that this court has no jurisdiction of this appeal, for the reason that said judgment is not a final judgment. Said proposition cannot be sustained for the reason that the statute provides for appeals in such cases. R. S. art. 1833; Oakes & Witt v. Thompson, 125 S. W. 320; Water & Light Co. v. Ice & Water Co., 150 S. W. 259.

We overrule appellants' assignments for the reason that it appears that the party alleged to have committed such forgery is not a party to this suit. It is not alleged that appellees were in any wise connected with

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the alleged forgery, nor that they have done any act for which they could be sued in Milam county. Lasater v. Waites, 95 Tex. 553, 68 S. W. 500.

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.