**INDIA TIRE & RUBBER CO. v. MURPHY et al.   (No. 10186.)**

Court of Civil Appeals of Texas. Dallas. April 21, 1928.

1. **Venue ⚖⟹22(1)—Action against warehouseman and fidelity company for breach of warehouse contract held separate and distinct, entitling warehouseman to be sued in county of his residence.**

Where fidelity bond with warehouseman as principal was not signed by warehouseman, nor was he shown to have ever known of its execution, and contract between plaintiff and warehouseman did not require such a bond, *held* that an action against warehouseman and fidelity company for breach by warehouseman of his contract by fraudulent conversion of certain goods was not joint and several, but separate and distinct, since recovery could be had against warehouseman only on warehouseman's contract, and hence warehouseman's plea of priv-

ilege to be sued in county of his residence was properly sustained.

**2. Action ⊙⟼65—Case must be tried under law existing at time suit was filed.**

A case must be tried under the law as it existed at the time the suit was filed.

Appeal from District Court, Dallas County; Royal R. Watkins, Judge.

Suit by the India Tire & Rubber Company against Joseph Frank Murphy and another, against which named defendant filed his plea of privilege. From a judgment sustaining the plea, plaintiff appeals. Affirmed.

Davis, Synnott & Hatchell, of Dallas, for appellant.

Douglas, Carter & Black, of San Antonio, for appellees.

JONES, C. J. Appellant, the India Tire & Rubber Company, a West Virginia corporation, with a permit to do business in Texas, filed this suit in a district court of Dallas county against appellees, Joseph Frank Murphy and the Fidelity & Deposit Company of Maryland, a foreign corporation, engaged in business in the state of Texas, maintaining its principal office and place of business in the city of Dallas. Murphy is a resident of Bexar county, Tex., and transacts his business in the city of San Antonio, in said county. For convenience, the Fidelity & Deposit Company of Maryland will be styled Fidelity Company, and Murphy, the other appellee, will be referred to by name.

On March 4, 1926, appellant entered into a written agreement with Murphy, in which the latter was made a warehouseman in the city of San Antonio for the purpose of storing the products of appellant's factory, consisting chiefly of automobile tires and tubes, and for the further purpose of a distribution of said products from Murphy's place of business to appellant's customers. The manner in which this was to be done, and the compensation allowed appellant, are fully set forth in the contract.

On April 3, 1926, the Fidelity Company executed its fidelity bond in the sum of $10,-000, naming Murphy as principal and appellant as the obligee. The condition of this bond is:

"That, if the above-bounden principal shall indemnify the obligee from and against any and all direct loss which the obligee shall sustain through the fraudulent conversion by the principal, after the 15th day of March, 1926, and while this bond is in force, of any of such goods, wares, merchandise or other property, or of any money actually collected by the principal for such goods, wares, merchandise or other property distributed by the principal, then this obligation shall be void; otherwise of full force and effect."

While there is a recital in the bond, to the effect that the property delivered to Murphy was on the express condition that this bond should be given, it is not signed by Murphy, and the record is silent as to any knowledge on his part that such bond was executed. The contract of March 4, 1926, does not contain any such requirement on the part of Murphy.

On April 16, 1927, this suit was instituted, and, by allegations in the petition, and especially by an itemized exhibit attached to the petition, it is shown that Murphy had committed a breach of his contract, in that he had become indebted to appellant on March 21, 1927, in the sum of $2,874.78; that of this indebtedness, the sum of $1,312.45 represented the value of goods, wares, and merchandise belonging to appellant which Murphy had fraudulently converted to his own use and benefit. By proper allegations, appellant sought a recovery from Murphy of this amount as a breach of the contract, and also sought a joint recovery of Murphy, as principal, and the Fidelity Company, as surety, on the indemnity bond. Against this suit Murphy seasonably filed his plea of privilege, to be sued in the county of his residence. A hearing was had on the issues made by the plea of privilege and the controverting affidavit seasonably filed by appellant, resulting in a judgment sustaining the plea of privilege and removing the cause as to Murphy to a district court in Bexar county, Tex. From this judgment, of date August 5, 1927, appellant has duly prosecuted its appeal.

[1] The undisputed evidence showed that Murphy resided in Bexar county, Tex., at the time this suit was filed, and has so resided during the pendency of this suit, and that the only place of business he maintained was in said county; that the Fidelity Company is a foreign corporation, doing business in Texas, with its principal office and place of business in Dallas county. From this it appears that the only question for decision is, Do the facts developed on the trial of the plea of privilege show that appellant has a joint and several cause of action against Murphy and the Fidelity Company? If such cause of action is shown, then, under section 4, art. 1995, R. S., venue of the entire suit can be maintained in Dallas county against Murphy's plea of privilege. Pittsburgh Water Heater Co. of Texas v. Sullivan et al., 115 Tex. 417, 282 S. W. 576. On the other hand, if no such cause of action is shown, and under such facts recovery can be had against Murphy alone on the warehouseman's contract, then venue of the suit as to Murphy cannot be maintained in Dallas county against his plea of privilege. Danciger v. Smith (Tex. Civ. App.) 229 S. W. 909; McCauley v. McElroy (Tex. Civ. App.) 199 S. W. 317; Russell Grader Mfg. Co. v. McMillin (Tex. Civ. App.) 271 S. W. 124; Galveston Dry Goods Co. v. Mitchell (Tex. Civ. App.) 171 S. W. 278; First

National Bank of Coleman v. Gates (Tex. Civ. App.) 213 S. W. 720; Wilson v. Gass (Tex. Civ. App.) 260 S. W. 282; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; Roberts v. Abney (Tex. Civ. App.) 189 S. W. 1101; Stephens v. First National Bank (Tex. Civ. App.) 146 S. W. 620; Penix v. Davis (Tex. Civ. App.) 265 S. W. 718.

Suit can only be maintained against the Fidelity Company on the fidelity bond. Appellant, by its allegations, seeks a recovery on this bond against Murphy, alleged to be the principal therein, and against the Fidelity Company, alleged to be surety thereon. Independent of the bond, recovery is also alleged against Murphy under the terms of the warehouse agreement, which was executed both by him and appellant.. Manifestly the only joint cause of action alleged is under those allegations of the petition that seek a recovery on the indemnity bond, and, if venue is maintained in Dallas county, it must be on this part of appellant's suit. Admitting that appellant's allegations in this respect are sufficient to show such joint cause of action against the two defendants, then the burden rested on appellant to make a prima facie showing on the trial of the plea of privilege that such joint cause of action actually existed. The proof affirmatively shows that Murphy did not sign the bond, and the proof affirmatively shows that the written contract between appellant and Murphy did not require or provide for the execution on Murphy's part of such bond. The proof is silent as to whether Murphy ever knew that such a bond had been executed. In fact, the proof fails to show any necessary element for a recovery against Murphy on the fidelity bond. Under the record as presented on the trial of the plea of privilege, appellant's cause of action is shown to be a suit against Murphy for a sum of money because of the breach by him of the warehouseman's contract he had executed, and a suit against the Fidelity Company on a fidelity bond it alone had executed to appellant, guaranteeing the fidelity of Murphy as to money and property of appellant coming into his possession under his warehouseman's contract. These causes of action are separate and distinct, and not joint and several. It necessarily follows that in our opinion the court did not err in sustaining Murphy's plea of privilege.

Appellant has called our attention to chapter 72, p. 197, of the Laws of the First Called Session of the Fourtieth Legislature. This act is denominated section 29a of article 1995, R. S., and reads:

"Whenever there are two or more defendants in any suit brought in any county in this state and such suit is lawfully maintainable therein under the provisions of article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

[2] This enactment was approved June 7, 1927, and became effective 90 days after the adjournment of the Legislature. The Legislature adjourned on the date of its approval, and the statute did not go into effect until some time in September, 1927. At the time of the filing of this suit, and at the time of the entry of the judgment in this cause, this law was not in force, for which reason it is not before us for construction. A case must be tried under the law as it existed at the time the suit was filed. San Marcos Baptist Academy v. Burgess (Tex. Civ. App.) 292 S. W. 626. We conclude that the judgment of the lower court should be affirmed.

Affirmed.