## McALISTER v. CITY OF MERTENS et al.
### No. 1125.

Court of Civil Appeals of Texas. Waco.
Oct. 22, 1931.

Rehearing Granted to Extent of Reforming
Judgment Nov. 19, 1931.

E. T. Adams and D. L. Whitehurst, both of Dallas, for appellant.

Touchstone, Wight, Gormley & Price, of Dallas, for appellees.

ALEXANDER, J.

This appeal involves the ruling of the trial court on a plea of privilege. Harvey B. McAlister brought this suit in Dallas county against the city of Mertens, a municipal corporation situated in Hill county, and the J. B. McCrary Company, a Georgia corporation, with its principal office in Dallas county. The J. B. McCrary Company filed an answer to the merits and submitted itself to the jurisdiction of the court in Dallas county. The city of Mertens filed a plea of privilege to be sued in Hill county. The plea was duly controverted by the plaintiff. Upon a hearing of the evidence on the plea of privilege before the court, and without a jury, the plea was sustained and the entire controversy transferred to Hill county. The plaintiff appeals.

The evidence shows that in May, 1929, the plaintiff, who was a civil engineer, entered into a written contract with the city of Mertens

by which he agreed to draw the plans and specifications for, and to superintend the construction of, a municipally owned waterworks system for the city of Mertens and was to receive therefor a commission of 5 per cent. of the cost of installing the system. He drew the plans and specifications. In May, 1930, and before a contract had been let for the construction of the water works, the plaintiff entered into a contract with the J. B. McCrary Company by which it was agreed that if that company was awarded the contract for the construction of the waterworks system, it would pay to the plaintiff a sum equal to 2½ per cent. of the cost of constructing the system, which sum was to be accepted by the plaintiff in full settlement of all services theretofore rendered by him to the city of Mertens and he was to be relieved from his obligation to superintend the installation of the system. The evidence does not show whether or not the McCrary Company secured the contract for the construction of the waterworks system. However, the parties seem to assume that it did secure such contract, and we shall give the plaintiff the benefit of the doubt and so assume in disposing of the case. The commissions claimed by the plaintiff under his contract with the McCrary Company amount to about $790.62. The McCrary Company paid him $400, leaving a balance of $390.62. The plaintiff claimed that the city afterwards accepted the new contract made by him with the McCrary Company, and he sued both the McCrary Company and the city of Mertens jointly to recover the balance of $390.62. He also sued the city of Mertens for an additional sum of $790, alleging that after he made his contract with the McCrary Company, the city again employed him to supervise the installation of the waterworks system and agreed to pay him therefor the reasonable value of his services which he represented was $790.

It is apparent that the plaintiff has sued on two causes of action, one against the city of Mertens for $790, being the reasonable value of his services in supervising the construction of the waterworks system, and the other against the city of Mertens and the J. B. McCrary Company for $390.62, being the amount due him on his contract with the McCrary Company of date May, 1930. The action to recover the item of $790 for the value of plaintiff's services in supervising the construction of the waterworks system was against the city alone. Plaintiff makes no contention that the McCrary Company is liable for this item, and we may therefore exclude it in passing on the question of whether there was a joint or common action against the two defendants.

■ If there is any joint or common cause of action against the two defendants, it arises by virtue of the suit against both of the defendants to recover the item of $390.62, being the balance alleged to be due under the contract with the McCrary Company. The city of Mertens was not a formal party to this contract and there is no evidence that the city ever authorized, accepted, or ratified such contract. The only evidence in the record tending in any wise to connect the city with such contract was the testimony of the plaintiff that he wrote the mayor of the city that he had made such a contract with the McCrary Company and that he afterwards saw such letter on the mayor's desk. There is no evidence that the matter was ever called to the attention of the city council, nor that the council ever acted on the matter, nor that the mayor was authorized to act for the council in accepting the same. The city of Mertens was not liable on this contract. 44 C. J. 80.

■ Whatever action the plaintiff had on this contract was against the McCrary Company alone and not jointly against the McCrary Company and the city of Mertens. This is not a case in which the plaintiff is suing the city on its original contract, and the McCrary Company as having assumed the payment of a part of the consideration therein provided. In fact, he was not in position to sue the city on its original contract. His contract with the city called for the payment of a 5 per cent. commission in return for the whole of the service to be performed by him—the drawing of the plans and specifications for the system and supervising the construction thereof. He drew the plans and specifications in part performance of his contract with the city, but before completing such contract, he seems to have abandoned it for a better one with the McCrary Company. He makes no contention that he continued to carry out his old contract with the city. If the city is liable to him in any amount for drawing the plans and specifications—the only work done by him under his original contract with the city—it is liable to him only on the quantum meruit, he never having carried out his part of the contract. On the other hand, if the McCrary Company is liable at all, it is liable on its contract. The plaintiff is seeking to bind both the city and the McCrary Company on the contract. Since the city did not accept the contract, it is not liable thereon. The appellant does not have a joint right against the two defendants, but rather an alternative right to recover either against the city on the quantum meruit for the value of his services for drawing the plans and specifications, or against the McCrary Company on the new contract. The two rights are separate and distinct.

■ Where it is sought to maintain venue against two or more parties in the county of the domicile of one of them, under the provisions of subdivision 4, Revised Statutes, article 1995, the causes of action against the defendants must be joint, or at least grow out of the same transaction and be so intimately

connected that the two should be joined under the rule intended to avoid a multiplicity of suits. Clearly a suit against two defendants cannot be maintained in the county of the residence of one of them where the cause of action against one of the defendants is separate and distinct from the cause of action against the other. Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747, par. 4; Fox v. Cone, 118 Tex. 212, 13 S.W.(2d) 65; Burt & Co. v. City of Spearman (Tex. Civ. App.) 19 S.W.(2d) 96; India Tire & Rubber Co. v. Murphy (Tex. Civ. App.) 6 S.W.(2d) 141; McCauley v. McElroy (Tex. Civ. App.) 199 S. W. 317; Stephens v. First National Bank (Tex. Civ. App.) 146 S. W. 620.

■ Since the causes of action against the two defendants were separate and distinct, it was proper for the court to sustain the plea of privilege as to the city of Mertens, but this did not require the court to transfer the case as to the J. B. McCrary Company who had submitted itself to the jurisdiction of the court, and the court erred in so doing. Standard Accident Ins. Co. v. Pennsylvania Car Co. (Tex Civ. App.) 15 S.W.(2d) 1081, par. 5; McCarroll v. Edwards (Tex. Civ. App.) 22 S. W.(2d) 684; Rutledge v. Evans (Tex. Civ. App.) 219 S. W. 218.

The case of Hickman v. Swain, 106 Tex. 431, 167 S. W. 209, cited by the appellee, is not in point for the same reasons as stated in Comer v. Brown (Tex. Com. App.) 285 S. W. 307-309.

The judgment of the trial court in so far as it transferred appellant's cause of action against the city of Mertens to Hill county is affirmed. The judgment of the trial court transferring to Hill county appellant's cause of action against the J. B. McCrary Company is reversed and remanded, with instructions to the trial court to try the same in Dallas county.