## PHILLIPS et al. v. TERRELL.
### No. 9781.

Court of Civil Appeals of Texas. Galveston.
June 30, 1932.

Rehearing Denied July 21, 1932.

Boyles, Brown & Scott and Pat N. Fahey, all of Houston, for appellants.

T. P. Buffington, of Navasota, for appellee.

GRAVES, J.

This is a suit for damages sounding in tort filed in the district court of Grimes county, Tex., on the 21st day of July, 1931. Defendant J. W. Phillips is made a party on allegations of his ownership and operation of the truck with which plaintiff's car collided on or about the 7th day of January, 1931, which collision is alleged to have resulted in the injuries and damages complained of. Defendant American Fidelity & Casualty Company is made a party on allegations that its bond in behalf of J. W. Phillips had been filed in accordance with law, and that by reason of such bond it became liable for the injuries and damages alleged to have resulted from the negligence of defendant Phillips.

This appeal is from an order overruling the separate pleas of privilege of the defendants Phillips and American Fidelity & Casualty Company.

The allegations charging negligence to defendant Phillips are as follows:

"The pavement of the said road is of concrete and about eighteen feet in width, having shoulders on either side of four feet and more in width.

"That the defendant through its agents, servants, and employees had parked his truck or caused same to remain stationary upon the right hand side of said highway going north; the said truck being faced north.

"That instead of removing the said truck from the highway to the shoulder thereof, there being sufficient room for such removal without endangering the said truck or those in charge thereof, the said agents, servants, and employees of the defendant, J. W. Phillips, left same standing upon the said concrete and upon a portion thereof; the main portion part, and body of said truck extending over and being upon the right hand side of the said concrete road to one going in a northerly direction along said highway.

"That the time of this collision was at night, and that at the time of this collision the said truck was without lights in front and without lights in the rear as prescribed by the rules and regulations governing the use of the highways and the streets of Texas; and the rear light of the said truck was so covered with mud, dust and dirt that said rear light would not and could not so reflect the head lights of an approaching car as to cause any character of warning to one approaching from its rear.

"That the act of the said J. W. Phillips, and the agents, servants, and employees of the defendant, J. W. Phillips, in parking or stationing the said car at night wholly upon and partly upon the concrete pavement of Highway No. 6, as hereinbefore set out, in Grimes County, Texas, was negligence upon the part of the said J. W. Phillips, and of the servants, agents, and employees of the defendant, J. W. Phillips, and was gross negligence upon the part of the said J. W. Phillips, and of the agents, servants, and employees of the defendant, J. W. Phillips: First, because said acts of omission and commission were in violation of the rules and regulations prescribed for such vehicle while utilizing the said Highway No. 6; and second, because the acts in themselves are each and every one negligence and gross negligence upon the part of the said J. W. Phillips, and of the agents, servants, and employees of the defendant, J. W. Phillips."

The allegations on which defendant American Fidelity & Casualty Company is sought to be held liable are as follows:

"That J. W. Phillips owned and possessed the truck hereinbefore set out, and was utilizing same as a carrier for hire under Class B, as regulated, controlled, and directed by the Highway Commission of the State of Texas.

"That in accordance with the law governing motor carriers and motor vehicles under the jurisdiction and control of the Railroad Commission of the State of Texas, there was filed in behalf of the said J. W. Phillips the bond of the American Fidelity & Casualty Company, Incorporated, in accordance with the Texas Motor Carrier Form No. 102.

"That in connection therewith, a schedule of statements was prepared and filed together with a statement of the premium paid, together with the endorsement required by the State of Texas, for the carrying of Texas cargo; the said Insurance Policy being given by the American Fidelity & Casualty Company, Incorporated, of Richmond, Virginia; John H. Awtry of Dallas, Texas, being the General Agent of said company and attorney for service.

"That said Insurance Policy under the laws and under the rules and regulations governing motor transportation for Class B Carriers of merchandise became liable for the injuries, physical and mental pain and mental anguish of the plaintiff, as herein set out, to the extent of $5,000.00 (Five Thousand Dollars); and because of the personal injuries, physical and mental pain and mental anguish, this plaintiff again alleging same to have been caused by the negligence of the said J. W. Phillips, his agents, servants, and employees, the said Insurance Company became liable for and is hereby charged to be due the plaintiff the said sum of $5,000.00 (Five Thousand Dollars).

"That by reason of the injury and damage to plaintiff's car in the sum of $850.00 (Eight Hundred Fifty Dollars), caused by the negligent act of the plaintiff, his servants, agents, and employees, the said Insurance Company became liable to this plaintiff for the full amount of said damage to his said car, being in the sum of $900.00 (Nine Hundred Dollars)."

The material substance of the law requiring the giving and filing of the contract of insurance alleged, contained in chapter 24, p. 38, § 1, Acts of the 41st Legislature of 1929, Second Called Session, is: "Insurance policies shall provide that the obligor therein will pay to the extent of the face amount of such insurance policies and bonds, all judgments which may be recovered against the motor carrier * * * based on claims for loss or damages from personal injury * * * arising out of the actual operation of such motor carrier, and such bonds and policies shall also provide for successive recoveries * * * and that such judgments will be paid by the obligor in said bonds and insurance policies irrespective of the solvency or insolvency of the motor carrier," and, conformably thereto, this insurance policy did so provide.

Defendant Phillips duly filed his plea of privilege to be sued in Collin county, Tex., in usual form setting forth his nonresidence in Grimes county and his residence in Collin county, Tex., at all times pertinent to such plea.

In reply to this plea of privilege of J. W. Phillips, plaintiff filed a controverting affidavit reading as follows:

"Now comes * * * J. W. Phillips and says that said plea should not be granted for the following reasons. to-wit:

"One of the defendants in said cause, the American Fidelity & Casualty Company, Incorporated, is a foreign corporation doing business in the State of Texas by permit under the laws of the State of Texas, and the laws of the State of Texas provide that suits against corporations may be instituted in the county where the cause of action arose. That the American Fidelity & Casualty Company, Incorporated, is a proper party to this cause, that this court has jurisdiction over this matter by reason thereof."

Defendant American Fidelity & Casualty Company duly filed its plea of privilege to be sued in Dallas county, Tex., in usual form setting forth its residence in Dallas county, Tex., and its nonresidence in Grimes county.

In reply to this plea of privilege of American Fidelity & Casualty Company, the plaintiff filed a controverting affidavit reading as follows:

"First: The American Fidelity and Casualty Company, Incorporated, is a foreign corporation doing business in the State of Texas, by permit under the laws of the State of Texas.

"Second: That the allegation set out in paragraph Three of the affidavit of said company is not true in this, the laws of the State of Texas provide that suits against corporations may be instituted in the County where the cause of action accrued, in any county where the corporation has an agent, or in the county where the corporation has its principal place of business; and in the case at bar the cause of action arose in Grimes County, Texas, as set out in plaintiff's original petition."

On September 24, 1932, a hearing on the above pleas of privilege and controverting affidavits was had, and the evidence shown by the statement of facts herein was heard by the court.

The entire evidence consisted of an agreement reading as follows: "It is agreed for the purpose of this hearing that the defendant, American Fidelity & Casualty Company, Inc., is a foreign corporation doing business under permit in the State of Texas, and that its principal place of business is at Dallas, Texas, in Dallas County, and that it has no

agent in Grimes County, Texas. That J. W. Phillips, defendant, is a resident citizen of Collin County, Texas; that the accident complained of in plaintiff's original petition sounded in tort arose through a collision in Grimes County, Texas."

Upon the above pleadings and evidence, the court entered the following order: "It appearing to the court that the American Fidelity & Casualty Company, Inc., is joined as one of the defendants in said cause, and that said Insurance Company is a proper and necessary party in said cause, and that the cause of action of plaintiff arose in Grimes County, Texas, and that said American Fidelity & Casualty Company, Inc., is a corporation doing business in the State of Texas by permit under the law of the State of Texas, the plea of privilege of the said J. W. Phillips is overruled.

"And it further appearing to the Court that the American Fidelity & Casualty Company has filed in said cause its plea of privilege to be sued in the County of Dallas in the State of Texas, its principal place of business, and that a controverting affidavit has been filed thereto; and it further appearing to the Court that the said American Fidelity & Casualty Company, Inc., is a foreign corporation doing business by permit in the State of Texas, and that said corporation is a proper and necessary party in the cause of action set out by plaintiff, T. B. Terrell, and that said cause of action arose in Grimes County, Texas, said plea of privilege of the said American Fidelity & Casualty Company, Inc., is in all things overruled."

The two defendants below, as appellants here, make common cause in severally challenging this overruling of their pleas, contending that, under the facts alleged and shown, the venue as laid was not sustained against either of them.

This position is upheld; as the order reflects, the sole basis for it is the stated finding that the casualty company—a foreign corporation doing business in this state by permit—is a proper and necessary party to the suit, and that the cause of action arose in Grimes county; this, notwithstanding the fact that the primary defendant, Phillips, was sought to be held outside the county of his residence on a mere tortuous omission alleged to have been committed by him there —it not being claimed to have amounted to "a crime, offense, or trespass" within the purview of subdivision 9 of R. S., article 1995, while the corporation was sued as being, in effect, secondarily liable there with him by reason of having, in the bond or insurance contract alleged, contracted to pay up to a specified sum any judgment that might be recovered on such a claim against him, there being no pretense, however, of any provision or agreement for such payment to be made in Grimes county.

As we see it, this situation presents no difficulty. Under our well-settled holdings, Phillips could not—over his plea of privilege— be held to answer in Grimes county on such a simple tort [Lasater v. Waits, 95 Tex. 553, 68 S. W. 500; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; McAlister v. City of Mertens (Tex. Civ. App.) 43 S.W. (2d) 651; Fox v. Cone, 118 Tex. 212, 13 S.W. (2d) 65; Stewart v. Gordon, 65 Tex. 344; Gulf Refining Co. v. Lipscomb (Tex. Civ. App.) 41 S.W.(2d) 248], and, that being true, the corporation likewise could not be held there, the plaintiff having no independent cause of action against it, although accorded the right, in virtue of the bond invoked to join it in such an action with him as his statutory surety, or indemnitor, on its thus purely contractual obligation, wherever the venue thereon could first be properly laid against him [India Tire & Rubber Co. v. Murphy (Tex. Civ. App.) 6 S.W.(2d) 141; Justin McCarty v. Ash (Tex. Civ. App.) 18 S.W. (2d) 765; Southwestern Surgical Supply Co. v. Scarborough (Tex. Civ. App.) 15 S.W.(2d) 65].

It follows from these conclusions, and perforce of the terms of R. S. arts. 2019 and 2020, that the appealed from order should be reversed, and that the cause should be remanded, with instructions to the trial court to sustain the pleas of privilege and order the venue changed as to both defendants to the district court of Collin county. It will be so ordered.

Reversed and remanded, with instructions.