**PRICE et al. v. SCHNAUFER. ***

No. 13045.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 23, 1934.

Rehearing Denied Dec. 24, 1934.

Motion to Certify Denied Feb. 22, 1935.

Nat Gentry, Jr., and Lasseter, Simpson & Spruiell, all of Tyler, and Brachfield & Wolfe, of Henderson, for appellants.

*For opinion denying motion to certify, see 81 S.W.(2d) 160.

S. J. Callaway and Robert C. Pepper, both of Fort Worth, for appellee.

POWER, Justice.

G. A. Schnaufer, a resident of Smith county, filed suit against Earl Price, sheriff and resident of Smith county, the Standard Accident Insurance Company, a foreign corporation with offices in Detroit, Mich., having a permit to do business in Texas and having an agent in Tarrant county, Tex., the People's National Bank of Tyler, Tex., Sam R. Greer, its president and also a resident of Smith county, the First National Bank of Henderson, with its principal office in Henderson, Rusk county, and E. F. Crim, president of the First National Bank of Henderson and a resident of Rusk county.

The basis of the suit was that on the 26th day of May, 1933, Schnaufer was seized and arrested by Earl Price, the sheriff of Smith county, and his agents and deputies, incarcerated in the Smith county jail, and held for seven days and six nights; that Miller E. Hall had been indicted in Smith county for passing false and fraudulent bonds on the People's National Bank of Tyler, Sam R. Greer, First National Bank of Henderson, and E. F. Crim; that Sam R. Greer, individually and as president of the People's National Bank, and E. F. Crim, individually and as president of the First National Bank of Henderson, identified him as being Miller E. Hall, and that by reason of such identification he was held and incarcerated in prison for said length of time.

This suit was filed in the district court of Tarrant county. Earl Price, sheriff of Smith county, the People's National Bank of Tyler, and Sam R. Greer, its president, filed a plea of privilege to be sued in Smith county. The First National Bank of Henderson and E. F. Crim, its president, filed a plea of privilege asking transfer of the case to Rusk county. All pleas of privilege were overruled, and the parties presenting them have appealed, and the sole question before this court is whether or not the court should have ordered the cause of action transferred to Smith county or to Rusk county, or to both, as prayed for by the applicants.

Appellee G. A. Schnaufer filed a controverting affidavit to the two pleas of privilege, and as grounds showing Tarrant county's venue, he alleged, in substance, and the evidence shows, that the Standard Accident Insurance Company, a foreign corporation, had a permit to do business in Texas, had an office, agents, and place of business in Tarrant county, and was the surety on the official bond of Earl Price, sheriff of Smith county; that he was wrongfully arrested and falsely imprisoned by Earl Price, sheriff; and alleged further that he had venue against all parties in Tarrant county by virtue of article 1995, subds. 4 and 29a (Vernon's Ann. Civ. St.); alleging that under subdivision 4 all defendants may be sued in the county in which one resides, and under subdivision 29a that where venue is had over one party to a suit, such suit is maintainable against all necessary parties thereto.

Subdivision 4 of article 1995 is as follows: "If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

Subdivision 9 of article 1995 is as follows: "A suit based upon a crime, offense, or trespass may be brought in the county where such crime, offense, or trespass was committed, or in the county where the defendant has his domicile."

Subdivision 29a of article 1995 is as follows: "Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

Article 4975, Rev. Civ. Statutes, is as follows: "*Venue of suit on bond.*—If any suit shall be instituted upon any bond or obligation of any surety company, the proper court of the county wherein said bond is filed shall have jurisdiction of said cause. Service therein shall be made, either upon the attorney for said company, by this subdivision required to be appointed, or upon the Commissioner; and such service shall be to all intents valid and effectual as service upon said company. Such guaranty, fidelity and surety companies shall be deemed resident of the counties wherever they may do business, and the doing or performing any business in any county shall be deemed an acceptance of the provisions of this subdivision."

The facts in the case of Phillips v. Terrell (Tex. Civ. App.) 52 S.W.(2d) 376, 378, are in substance as follows: J. W. Phillips was the owner of a truck which had broken down and was left standing on the highway in Grimes county. Terrell was traveling along the highway and ran into the truck, injuring himself. He alleged that the injury was caused by the negligence of Phillips

in not leaving a warning signal on the truck. The American Fidelity & Casualty Company carried a bond or policy of insurance on the truck protecting Phillips up to the amount of $5,000. Phillips lived in Collin county. The insurance company was a foreign corporation with its principal place of business in Dallas county. The suit was filed in Grimes county. Each of the defendants filed pleas of privilege to be sued in their respective counties. The pleas of privilege were overruled. Both defendants appealed, and the court in determining the issue used the following language: "As we see it, this situation presents no difficulty. Under our well-settled holdings, Phillips could not—over his plea of privilege—be held to answer in Grimes county on such a simple tort [Lasater v. Waits, 95 Tex. 553, 68 S. W. 500; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S. W. 747; McAlister v. City of Mertens (Tex. Civ. App.) 43 S.W.(2d) 651; Fox v. Cone, 118 Tex. 212, 13 S.W.(2d) 65; Stewart v. Gordon, 65 Tex. 344; Gulf Refining Co. v. Lipscomb (Tex. Civ. App.) 41 S.W.(2d) 248], and, that being true, the corporation likewise could not be held there, the plaintiff having no independent cause of action against it, although accorded the right, in virtue of the bond invoked to join it in such an action with him as his statutory surety, or indemnitor, on its thus purely contractual obligation, wherever the venue thereon could first be properly laid against him."

To the same effect is the holding in India Tire & Rubber Co. v. Murphy (Tex. Civ. App.) 6 S.W.(2d) 141, and Justin McCarty, Inc., v. Ash (Tex. Civ. App.) 18 S.W.(2d) 765, 769.

█ █ It is the opinion of the court that the cases cited are applicable to the facts in this case; that the Standard Accident Insurance Company was not a party to the controversy out of which this law suit arises and exists. Neither is it liable because of that controversy. It is liable only because of its contractual relationship and not because of the tort, the sole basis of this suit. The surety company is not joined as a participant in the tort. There was no concert of action as between the surety company and appellants; the insurance company has done no wrong, and therefore there is no joint liability. It is not believed by the court that there is any legislative enactment or rule of decision in this state permitting the maintenance of a suit against a citizen or citizens in a county other than his or their residence because per-

chance an indemnitor with purely a contractual relationship may have a resident agent in a county other than where the trespass is committed or the participant or participants reside. Bonding and surety companies may, and often do, have many agencies throughout the state. To deprive these appellants of the right of trial in the county of their domicile the case against them must be within an exception as provided by statute, and the right should not be denied a defendant upon a strained or doubtful construction of any of those exceptions. Lasater v. Waits, 95 Tex. 553, 68 S. W. 500.

In accordance with the provisions of article 2019, Rev. St., and art. 2020, amended by Acts 1933, c. 177 (Vernon's Ann. Civ. St. art. 2020), the judgment of the trial court is reversed, with instruction to sustain the plea of privilege of Earl Price and order the venue changed as to all defendants to the district court of Smith county.