RAMEY & MATHIS, Inc. v. PAGE et al.

No. 6021.

Court of Civil Appeals of Texas.
Amarillo.

Dec. 19, 1950.

Rehearing Denied Jan. 23, 1950.

Mandamus Granted on Condition
May 31, 1950.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo (H. A. Berry, Amarillo, of counsel), for appellant.

Carrington, Gowan, Johnson & Walker, Dallas, and R. C. Marshall, Borger, for appellees.

PITTS, Chief Justice.

This is a venue suit in which appellant, Ramey & Mathis, a corporation, sued D. W. Page, doing business as Page Electric Company, for damages, alleged to have been sustained by reason of the breach of a contract for the performance of which Page had indemnified appellant against loss by the execution of a surety bond furnished by Eagle Indemnity Company, a corporation, as surety, which Indemnity Company was also made a party defendant to the suit. The suit was filed in Potter County and Page filed his plea of privilege to be sued in Hutchinson County where he resided. The same was controverted by appellant and the issue of venue was heard by the trial court without a jury. The plea of privilege was sustained and appellant has perfected its appeal.

Appellant contends that the suit is one on a construction performance bond and it is seeking to hold venue in Potter County under the provisions of Subdivisions 23 and 27, Article 1995, Vernon's Annotated Civil Statutes, on the grounds that Eagle Indemnity Company is a foreign corporation with an agent and representative in Potter County where it contends a part of the cause of action arose and that D. W. Page is a necessary party to the suit under

Subdivision 29a of the said Article. Appellant further contends that venue is maintainable in Potter County under Subdivisions 4 and 29a of the said Article because Eagle Indemnity Company is a corporation and surety company doing business in Potter County and is a resident of the said County under the provisions of Article 4975 and D. W. Page is a proper and necessary party to the suit. Appellee contends, in effect, that the suit is primarily against Page for alleged damages by reason of the breach of a contract and secondarily against Eagle Indemnity Company upon an indemnity bond furnished by the Indemnity Company for the security of appellant in its business transactions had with Page and that, in any event, the county in which Page resides is the county that has venue in this suit. Plaintiff will be herein referred to as appellant and defendants as Page and The Bonding Company.

The record reveals that appellant maintains its principal office in Amarillo, Potter County, Page resides at Borger, Hutchinson County and The Bonding Company was incorporated under the laws of the State of New York with its principal office in that state but has a permit to do business in Texas and maintains an agency in Amarillo, Potter County. On March 22, 1946, appellant contracted with Caney Valley Electric Cooperative Association, Incorporated, for the construction and installation by appellant of a rural electrical distribution system in Chautauqua County, Kansas, and other counties adjacent thereto. On June 28, 1947, appellant subcontracted the construction and installation of the said system to Page under a written contract on the basis of $275 per mile and setting forth the other terms upon which the agreement was made. Page agreed to indemnify appellant for his faithful performance and against costs, damages or other losses by the execution of a bond. On July 3, 1947, such a bond was executed by The Bonding Company. Thereafter on July 19, 1947, appellant and Page entered into an additional contract to do what the parties referred to as "clean-up work", which consisted of finishing or completing a portion of work of the same nature in the State of Kansas that had been partially done by other parties and Page agreed to finish it but the terms of the contract to do the additional work were different from the terms of the previous contract in that the latter work was to be done on a unit bid basis and not on a "per mile" basis. Appellant alleged that Page constructed 138.87 miles of the transmission lines, finished the work that had been partially done by others and performed additional work in accordance with changed orders but in the settlement between appellant and Page for all the work done, Page was indebted to appellant for a balance of $18,220.74, which sum had been due since October 5, 1948, but Page refused to pay it or any part thereof, although demands had been made upon him by appellant to pay such. For the reasons stated appellant prayed for judgment for the said sum as "damage suffered and sustained" by appellant by reason of Page's failure to carry out and perform the terms of the contracts.

Appellee contends, in effect, that the contract for the "clean-up work" was made subsequent to the execution of the bond and that the indemnity bond did not cover the terms of the additional contract to do the "clean-up work"; that The Bonding Company is in no way liable for any claim by appellant for a balance due on the "clean-up work"; that appellant's claim made against Page is for damages based on the breach of a contract by Page alone and its claim against The Bonding Company is contractual, based on a different contract, the indemnity bond, which is liable secondarily only in the event that the primary claim for damages can be established against Page; and that the alleged cause of action is not identical against the two parties. For all of which reasons appellee contends that venue of the suit is maintainable in the county where Page resides since the alleged cause of action is primarily against him. For the reasons previously stated appellant contends that venue is maintainable in Potter County even if there be a part of

the liability of Page not covered by the indemnity bond.

The rules are well recognized that a defendant is entitled to be sued in the county in which he has his domicile in the absence of any statutory exception, and in order to establish venue in some other county plaintiff must bring his case clearly within at least one of the exceptions to the statutory rule. The entire venue statute is strictly construed favorably to the rights of defendants. A defendant is not to be denied the privilege of being sued where he resides upon a strained or doubtful construction of the exceptional provisions of the statutes. Neither can venue be maintained against a nonresident defendant over his protest in the county of a resident defendant unless the nature of the cause of action is the same against both defendants and unless such is joint and several against them. In that event plaintiff must plead and prove that he has in fact a cause of action against the resident defendant.

By proper allegations, appellant herein is seeking a recovery from Page for the sum of $18,220.74 because of his breach of a contract. Under the record The Bonding Company by the execution of an indemnity bond guaranteed to appellant the fidelity of Page as to a part of the above sum at least. Appellant concedes that it is questionable as to whether or not the indemnity bond covered the contract to do the "clean-up work" but contends that Potter County has venue nevertheless. The Bonding Company was not a party to the controversy out of which this law suit arose and exists. If The Bonding Company is liable in any event it is liable only in the event appellant establishes its claims for damages against Page by reason of his having breached the terms of the first contract and possibly the terms of the second contract as well. The Bonding Company would be liable in that event only because of its contractual relationship by reason of the indemnity bond and not because it had anything to do with the alleged breach of contract, which is the basis of the alleged damages. Ap-pellant has no independent cause of action against The Bonding Company and The Bonding Company is not a necessary party to the suit, although appellant had the right by reason of the execution of the bond to join it in the suit against Page as his surety or indemnitor because of The Bonding Company's contractual obligation. But it can be joined in the suit only wherever the venue of the same can first be properly laid against Page. A defendant in such a case should not be required to submit to venue in some county other than that of his residence simply because some bonding or surety company may have an agency in such county and may be obligated and liable contractually as a surety or indemnitor in case of recovery in the primary suit. Bonding and surety companies may, and often do, have many agencies in various counties throughout the state. If appellant's theory is correct and proper in this case, Page could be just as easily compelled to submit to venue in Galveston, Bowie, El Paso or any other county in Texas if Eagle Indemnity Company has an agent or a representative residing and doing business in such a county.

It is presumed that the foregoing are some of the principles of law and rules of reason upon which the trial court relied in sustaining Page's plea of privilege and transferring the case to Hutchinson County. It is our opinion that appellant failed to establish any exception to the statutory rule and that the record and the law warranted the judgment of the trial court and that such is supported by the following authorities: India Tire & Rubber Co. v. Murphy, Tex.Civ.App., 6 S.W. 2d 141; Price v. Schnaufer, Tex.Civ.App., 79 S.W.2d 872; Phillips v. Terrell, Tex. Civ.App., 52 S.W.2d 376; Southwestern Surgical Supply Co. v. Scarborough, Tex. Civ.App., 15 S.W.2d 65; Old Lincoln County Mut. Fire Ins. Co. v. Hall, Tex. Civ.App., 214 S.W.2d 203; Richardson v. D. S. Cage Co., 113 Tex. 152, 252 S.W. 747; Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300; Dillon v. Binyon-O'Keefe Fireproof Storage Co., Tex.Civ.App., 119 S.W.2d 416, and the

numerous other authorities cited in these cases.

According to the record The Bonding Company did not file a plea of privilege but filed a general denial after directing some special exceptions to appellant's pleadings. However, the trial court's judgment recites that The Bonding Company agreed that the said alleged cause of action as to it may be transferred to Hutchinson County and tried together with the alleged cause of action against Page as a result of which the entire cause of action was ordered transferred. It appears that no complaint is made about that part of the judgment in the event venue is sustained in Hutchinson County.

For the reasons previously stated appellant's points of error are overruled and the judgment of the trial court is affirmed.