**AMERICAN SURETY CO. OF NEW YORK v. AUSTIN, Banking Com'r.**
(No. 1071—5213.)

Commission of Appeals of Texas, Section B.
May 29, 1929.

P. H. Swearingen and Powell & Green, all of San Antonio, and George E. Shelley, of Austin, for plaintiff in error.

Spencer, Rogers & Lewis, of San Antonio, for defendant in error.

Birkhead, Lang & Beckmann, of San Antonio, and Chas. L. Black, of Austin, as amici curiæ.

SHORT, P. J. This case was submitted as a companion case to that of Southern Surety Company v. Chas. O. Austin, Commissioner, appealed from Travis county, since one of the questions involved in the trial of the two cases is the same. Judge Leddy has written an opinion in the Southern Surety Company Case disposing of this question, and we refer to that opinion as expressing our views on the question involved. 17 S.W.(2d) 774.

The plaintiff in error, as surety, and Walter H. Harris, as principal (in form), executed a fidelity insurance bond in the sum of $2,000, payable to the People's State Bank of Pearsall, Tex., the bond being conditioned as follows: "That whereas, the said officer is in the service of the bank in the city of Pearsall, County of Frio County, Texas, holding the position of bookkeeper, now if the above bounden officer and surety shall hold the bank harmless against and pay to it such pecuniary loss as it may sustain of money or other valuable securities embezzled, wrongfully abstracted, or wilfully misapplied by said officer in the course of his employment, as such officer, and in the course of his employment in any other position in the said bank to which he may be appointed, reappointed, elected, reelected, or temporarily assigned, then this obligation is void, otherwise to be and remain in full force and effect."

Harris was not made a party, and an abatement of the suit was sought on that ground by the plaintiff in error. This plea was overruled. A trial was had to a jury, upon special issues.

It appears from the testimony that Harris,

the so-called principal in the bond, as book-keeper, had kept the books in such manner as to enable its cashier, one Hudson, to successfully abstract or misapply funds, and that same was done knowingly by Harris and with intent to assist Hudson, which conduct consisted of wrongful abstraction or willful misapplication of funds, within the meaning of the bond. The jury found every issue submitted in favor of the defendant in error to the effect, as follows: (1) That Hudson, cashier of the People's State Bank, willfully misapplied to his own use $3,000 which was charged to the account of Mrs. C. M. Slaughter; (2) Harris made a charge entry of $3,000 on the individual ledger sheet of Mrs. C. M. Slaughter January 16, 1924; (3) that, at the time he made the entry, he knew the $3,000 of the bank's funds represented by the charge on the individual ledger sheet were being misapplied by Hudson to his own use and benefit; (4) that Harris, at the time he made the entry, intended to aid and assist Hudson in the willful misapplication of the $3,000 from the bank; (5) that by his acts he affirmatively aided and assisted Hudson in misapplying the $3,000 in such manner as to materially contribute to the success of the misapplication by Hudson; (6) that Hudson misapplied the funds of the bank by means of overdraft fraudulently allowed to Ferguson Bros.; (7) that the sum so willfully misapplied by Hudson to the use and benefit of Ferguson Bros., by means of overdraft, was a minimum of $12,000; (8) that, at the time Harris posted the statement sheets and ledger sheets of Ferguson Bros., he knew the funds were being willfully misapplied by Hudson to the use and benefit of Ferguson Bros. by means of overdraft; (9) that Harris, at the time he posted the statement sheets and individual ledger sheets, intended to aid and assist Hudson in the willful misapplication of the funds of the bank to the use and benefit of Ferguson Bros.; (10) that the acts of Harris did affirmatively aid in the misapplication of the funds of the bank to the use and benefit of Ferguson Bros. in such a manner as to materially contribute to the success of such misapplication; and (11) that, during and at the time Harris kept the statement ledger and individual ledger, reflecting the $3,000 discrepancy between the two in the account of Mrs. C. M. Slaughter, he intended to affirmatively aid and assist Hudson in the willful misapplication of the bank's funds.

The court construed the bond sued on as a contract of insurance, and, upon the basis of the answers of the jury to the questions submitted, entered judgment in favor of the defendant in error for the sum of $2,000, with interest, from which action of the court the Southern Surety Company appealed to the Court of Civil Appeals at El Paso where the judgment of the trial court was affirmed. 5 S.W.(2d) 626.

In granting the application for the writ of error in this case, the Supreme Court expressed the opinion that it was inclined to the view that the opinion of the Court of Civil Appeals is correct, but granted the writ on account of the confused state of the authorities on the subject involved.

■ Judge Leddy, in the opinion of the Southern Surety Company Case, supra, has discussed the question whether bonds of the kind here sued upon are construed as contracts of insurance and subject to the rules applicable to such contracts, or whether such bonds come under the rules applicable to ordinary accommodation surety contracts, and reaches the conclusion that bonds of this kind are construed as contracts of insurance, and not contracts of surety, holding that the statutory provisions, articles 6244, 6245, 6251, R. S. 1925, which relate to the rights of sureties, have no application to suits against sureties upon bonds of the nature here sued on, and cites the authorities in support of the conclusion reached. We adopt the opinion of Judge Leddy in the Southern Surety Company Case on this point; the conditions of the bonds being substantially the same.

■■ The remaining assignments of error, with the possible exception of one, challenge the sufficiency of the testimony to raise issues of fact, such as were submitted to the jury. To require the Supreme Court to sustain these assignments, or any of them, it is necessary that the conclusion be reached by the Supreme Court, from consideration of all the testimony, that no evidence of a substantial nature was presented by the defendant in error to sustain the various answers to the questions propounded to the jury. To determine this matter, it has become necessary for us to read the statement of facts, which is voluminous. This we have done, and have reached the conclusion that the Court of Civil Appeals was correct in its holding that there was substantial evidence introduced by the defendant in error in support of each one of the facts found by the jury. We think the facts in this case are of the same general nature as those in the case of Austin, Commissioner, v. Neiman (Tex. Com. App.) 14 S.W.(2d) 794, in which it was held that, in determining whether there is any evidence to sustain a finding, the reviewing court must confine itself "within the field of evidence to the utmost bounds of reason which rational men of common sense might know, without passing beyond the line between the field of probability and the field of conjecture." 23 C. J. p. 52, par. 1795. It was held by this section of the Commission in that case that the character of testimony upon which the defendant in error relied in support of its allegations, charging liability upon the plaintiff in error, was pertinent to the issues presented by the pleadings, and was sufficient to sustain a judgment against the company, upon its bond. The testimony in

this case is, while different in detail, substantially the same in nature, and equally convincing as that in the Neiman Case. All of the assignments are overruled.

We recommend that the judgment of the Court of Civil Appeals affirming that of the district court be affirmed.

CURETON, C. J. Judgments of the district court and Court of Civil Appeals both affirmed, as recommended by the Commission of Appeals.