## JASPER STATE BANK v. TOWNSEND.

### No. 2841.

Court of Civil Appeals of Texas. Beaumont.

Nov. 5, 1936.

Rehearing Denied Nov. 25, 1936.

Richardson & Lanier, of Jasper, for appellant.

J. R. Bogard, of San Augustine, and J. R. Anderson, of Center, for appellee.

O'QUINN, Justice.

This is an appeal by the Jasper State Bank, defendant below, from a judgment of the district court of San Augustine county overruling its plea of privilege to be sued in Jasper county, the county of its domicile.

The suit was instituted by appellee, W. G. Townsend, who resided in San Augustine county, against Jasper State Bank of Jasper, Tex., L. S. Bell, a resident of Jasper county, Tex., N. Jeffers, a resident of Sabine county, Tex., and H. H. Powell and W. E. Powell, both residents of San Augustine county, Tex., for the purpose (a) of establishing that he incurred no liability by signing a certain note payable to defendant Jasper State Bank, of which defendant H. H. Powell was the maker, and the other defendants were sureties. He alleged that his signature on said note was procured by fraud, and so he incurred no liability by indorsing same, and prayed that his name be stricken from said note; and (b), in the alternative, to recover of defendant bank the sum of $1,351.06, the amount of said note, principal, interest, and attorney's fees alleged to have been unlawfully and wrongfully charged against appellee's deposit account in said bank in discharge of said note, without his knowledge and against his consent. He also asked for exemplary damages in the sum of $5,000.

Appellant, Jasper State Bank, duly filed its plea of privilege to be sued in Jasper county, the county of its domicile. Appellee duly filed his controverting affidavit supporting venue in the county, in that: (a) That more than two defendants were sued jointly and severally, and that two of said defendants, H. H. Powell, the principal maker of the note in controversy, and W. E. Powell, an accommodation maker or surety on the note (the same position occupied by the appellee), both resided in San Augustine county, and that each of said defendants were proper and necessary parties to the suit because as such accommodation makers or sureties they were interested in the result of the suit as each would be affected by the discharge of appellee from liability on said note; (b) pleaded the full history of the original execution of the note and of its several renewals, including the last of which he alleged that his signature of said last renewal of the note was obtained through the misrepresentation of appellant and of its agent and representative in securing his signature to said renewal note; and (c) that his suit, in the alternative, sought judgment, jointly and severally, against all of the defendants, in case he was allowed to recover for the amount of the note wrongfully charged to his deposit account in said bank, wherefore his cause of action against each of the defendants having grown out of the same transaction and being based upon the same facts was joint, and he was entitled to prosecute same in one suit in San Augustine county. He also in said controverting affidavit substantially repleaded the allegations of his petition, and also incorporated his petition in the affidavit by special reference thereto.

The defendant L. S. Bell, who it was admitted resided in Jasper county, duly filed his plea of privilege to be sued in Jasper county, the county of his residence. Appellee duly filed his controverting affidavit and alleged substantially the facts, as in his controverting affidavit to Jasper State Bank's plea of privilege, as supporting the venue in San Augustine county. To this controverting affidavit defendant Bell filed an answer setting up the facts as contended by him to exist. In view of the disposition we are making of the case, we do not deem it essential to state the facts he pleaded.

On hearing the court overruled both pleas of privilege, and this appeal by Jasper State Bank is from that order.

Briefly, the facts disclosed by the record are: In 1927, or 1928 (the record does not certainly show which), H. H. Powell borrowed $1,000 from the Brookeland State Bank of Sabine county, Tex., for which he executed his note, with Mrs. Rhodie Powell, W. E. Powell, J. R. Powell, Nat Jeffers, L. S. Bell, and W. G. Townsend, as sureties. This note duly passed to the Jasper State Bank. It was not paid when due, and was renewed from time to time—seven renewals. Mrs. Rhodie Powell died in 1928. All the renewals were after her death. J. R. Powell signed all the renewals except the last two. The last two renewals were signed by H. H. Powell, principal, and W. E. Powell, L. S. Bell, Nat Jeffers, and W. G. Townsend, sureties. The last renewal, the note here in question, was executed on October 10, 1933; was for the sum of $1,105.48; and was due six months after date. When the note fell due, it was not paid, and Jasper State Bank, appellant, on October 19, 1934, filed suit in the district court of Jasper county against all parties who had signed the note, but after service on the defendants,

and after the district court had convened, dismissed the suit, and on November 20, 1934, the day the suit was dismissed, charged the amount claimed to be due, $1,105.48, principal, $122.76, interest, and $122.82, attorney's fees, totaling $1,351.06, against appellee W. G. Townsend's deposit account in said bank, he having more than that amount on deposit. This was done without appellee's knowledge or consent. Upon appellee's discovering the bank's action, this suit was filed.

Appellee's petition is long, and somewhat involved. We shall not attempt to state same. We think it sufficient to say that he seeks judgment on the grounds: (a) That he is not liable on the note because his signature thereon as surety was procured by fraud on the part of the bank; and (b), in the alternative, for judgment against the bank for the unlawful conversion of the amount of money by it unlawfully charged to his deposit account in discharge of the note; and (c) further, in the alternative, against H. H. Powell, maker of the note, for the amount of same, and against the other defendants W. E. Powell, L. S. Bell, and Nat Jeffers, sureties, for contribution to which he was entitled by reason of his having paid said note. Appellee insists that he is entitled to prosecute his suit against appellant bank in San Augustine county, because:

(a) His signature, as surety, on the note was obtained in San Augustine county by means of fraud on the part of appellant bank in that an officer and agent of the bank stated to him at the time he signed the note that the liability of Mrs. Rhodie Powell, who had signed the original note as surety, and who had shortly thereafter died, still existed against her estate, and her estate was liable the same as at first, which statement was not true, but which he believed, and because of said statement signed said renewal note, which otherwise he would not have done; that said Rhodie Powell, at the time the original note was executed, had induced him to sign said note as surety by then telling him that she would guarantee he would not have to pay any part of the note; that, if necessary, she would herself pay the whole of the note before he would be called upon to pay same; and that if he had not been told by appellee's representative at the time he signed the last renewal of said note that the liability of the estate of Mrs. Rhodie Powell still existed, he would not have signed the renewal of the note.

We think appellee's contention is without force. If in fact Mrs. Rhodie Powell agreed with appellee to hold him harmless, that was an agreement or contract between Mrs. Rhodie Powell and appellee to which the bank was not a party, and any action that appellee could or might assert to enforce such agreement could not affect the bank and it would not be either a necessary or proper party to such action. Moreover, we think that if the representative of the bank at the time appellee signed the note in question as surety told appellee that the estate of Rhodie Powell was still liable on the note, it was a statement of the opinion of the person making the statement as to a matter of law rather than of fact upon which appellee had no right to rely, and so was not fraud such as would invoke the venue statute. In any event, appellee's petition contained no allegation that the fraudulent statement, if it was such, was made in San Augustine county, and so afforded no basis for proof.

(b) That he was entitled to maintain his alternative suit against the bank for the wrongful conversion of his money by it charging the amount of the note against his deposit account in discharge of the note, in which suit he had joined the other sureties because they were interested and would be affected by the judgment on this phase of the case by his discharge from liability on the note as surety, as first insisted, or, in the alternative, by his recovery against the bank for conversion, which would relieve them from liability, wherefore his right to maintain the whole suit in San Augustine county. This contention cannot be sustained. His suit against the bank for wrongful conversion of his money was, under all the decisions, one that must be brought either in the county where the bank had its domicile, or in the county where the conversion occurred. Here the bank was located in Jasper county, and the conversion, if such it was, occurred in Jasper county, and so the action for conversion must be in said county. The other sureties were not involved in the matter of conversion and so could be neither proper nor necessary parties to such action.

(c) That appellee sought judgment against H. H. Powell, the maker of the note, who resided in San Augustine county, and the other sureties for contribution, one of whom, W. E. Powell, resided in San Augustine county, and so under subdivision 4 of article 1995, R.S.1925, the suit

was maintainable in said county against each and all of the defendants. We think this contention not sound. It is well settled that for a suit against several defendants residing in different counties to be maintainable in the county where one resides, the cause of action against each and all of the defendants must be the same. McCauley v. McElroy (Tex.Civ.App.) 199 S.W. 317 (writ refused); Fox v. Cone, 118 Tex. 212, 13 S.W.(2d) 65; Danciger v. Smith (Tex. Civ.App.) 229 S.W. 909. Here the bank would be neither a necessary nor a proper party to the suit to enforce contribution by the other sureties. To obtain such judgment of contribution would necessitate the payment of the note by appellee, in which event the bank's interest in the transaction would cease, and no liability on its part to any party would exist. Again, the liability asserted by appellee against the parties is not the same. He asserts against the bank a conversion of his funds, and against the sureties the right to contribution—entirely distinct and different causes of action.

■ Appellant insists that under the law it had the right to charge the amount claimed to be due on the note to appellee's deposit account, and so, under the undisputed facts, appellee's petition did not state a cause of action against it by reason of the alleged fraud or otherwise. This question is the gist of the case to be determined when the case is tried on its merits, and as we are here concerned only with the question of venue, we do not pass upon same.

As the facts, as between appellant and appellee, are without dispute, and were fully developed in the hearing on the question on the plea of privilege, we hold that the court erred in overruling the plea, and that same should be sustained and the judgment reversed, and remanded to the court below with instructions to transfer the suit to the district court of Jasper county, and it is so ordered.

Reversed and remanded with instructions.

WALKER, Chief Justice (dissenting).

I quote as follows from appellee's motion on rehearing:

"Appellee attempted to plead and prove that a fraud was perpetrated upon him in procuring his signature to the last renewal note for the sole purpose of establishing that he incurred no liability upon the note or by signing the same. And, in this connection the attention of the court is called to the fact that it is plead that in each instance of a renewal and particularly with reference to the last renewal it was represented to appellee by the officers of the bank "that the estate of Rhodie Powell was still liable for the payment of said note, that all things necessary and requisite to the fixing of such liability had been done and performed, and that such liability had been continued and brought forward and would be carried forward, that plaintiff was merely surety on said note and that the estate of said Rhodie Powell would be subjected to the payment thereof before recourse was had against plaintiff or his property."

On the issue raised by this plea, my brethren say:

"We think appellee's contention is without force. If in fact Mrs. Rhodie Powell agreed with appellee to hold him harmless that was an agreement or contract between Mrs. Rhodie Powell and appellee to which the bank was not a party, and any action that appellee could or might assert to enforce such agreement could not affect the bank and it would not be either a necessary or proper party to such action. Moreover, we think that if the representative of the bank at the time appellee signed the note in question as surety, told appellee that the estate of Rhodie Powell was still liable on the note, it was a statement of the opinion of the person making the statement as to a matter of law rather than of fact upon which appellee had no right to rely, and so was not fraud such as would invoke the venue statute."

I dissent from the conclusion of my brethren on the issue raised by appellee's plea quoted above, that "it was a statement of the opinion of the person making the statement as to a matter of law rather than a fact upon which appellee had no right to rely, and so was not fraud such as would invoke the venue statute." In my judgment appellee raised the issue of fraud as a defense against appellant's cause of action pleaded against him. While this appeal presents only a question of venue, my brethren have disposed of this issue as one of substantive law by which the trial court will be bound upon another trial.