## DILLON v. BINYON–O'KEEFE FIRE-PROOF STORAGE CO.

### No. 13761.

Court of Civil Appeals of Texas. Fort Worth.

May 13, 1938.

Rehearing Denied Sept. 9, 1938.

Saner, Saner & Jack, R. L. Dillard, Jr., and W. H. Jack, Jr., all of Dallas, for appellant.

Robert Sansom, of Fort Worth, and William H. Neary, of Dallas, for appellee.

SPEER, Justice.

This appeal involves the general venue statute, Article 1995, Rev.Civ.St. of 1925, and exceptions 4, 23, 27 and 29a (as added, Acts 1927, 40th Leg., 1st C. S., p. 197, c. 72, § 2) thereof, Vernon's Ann.Civ.St. art. 1995, subds. 4, 23, 27, 29a.

Appellee, Binyon-O'Keefe Fireproof Storage Company, as plaintiff, sued Continental Casualty Company and E. M. Dillon, in a district court of Tarrant County, Texas, alleging the Continental Casualty Company, to which we shall refer as the Casualty Company, is a corporation having an agency and place of business in Tarrant County, and that E. M. Dillon, to whom we shall refer as appellant, is a resident of Dallas County, Texas. The alleged cause of action was based upon a contract entered into between appellee and the Casualty Company in 1931.

Allegation is made that in 1931 appellee entered into a written contract with the Casualty Company, whereby the latter undertook to insure the fidelity of certain of the former's employees named in a schedule attached to the contract.

That while the contract of insurance was in force and effect, appellee employed appellant Dillon, in May, 1934, who continued

in its service until November, 1935, when he was discharged. That said Dillon was one of the employees whose honesty and fidelity the Casualty Company had contracted to insure. Claim was made by appellee to the Casualty Company for losses sustained by reason of the employment of appellant, growing out of alleged misapplication of funds belonging to appellee, coming into his hands by reason of his employment.

The petition alleged the contract sued upon contained the following provision: "The Continental Casualty Company, as surety, binds itself to pay Binyon-O'Keefe Fireproof Storage Company, as employer, such pecuniary loss as the employer shall have sustained of money or other personal property (including that for which the employer ,is legally responsible), by any act or acts of fraud, dishonesty, forgery, theft, embezzlement, wrongful abstraction, misapplication, misappropriation or any other dishonest or criminal act or omission, directly or through connivance with others, on the part of any of the employees named in the schedule attached to and hereby made a part of this bond, while in any position or at any location in the employ of the employer."

The prayer reads: "Wherefore, premises considered, plaintiff (appellee) prays that the defendants be cited to appear and answer herein, and that upon final hearing it have judgment for its damages, in the sum of $2,000.00 together with interest, * * * for costs and general and special relief."

The Casualty Company, and Dillon, filed separate pleas of privilege, which comply with the requisites set out in Article 2007, R.C.S. Appellee (plaintiff below) timely filed its controverting affidavits to the respective pleas of privilege; the controverting answer to appellant Dillon's plea (the only one necessary to mention) referred to appellee's original petition and made it a part of the controverting plea, and in addition thereto, alleged in substance that its cause of action was against the Casualty Company, on the written contract of insurance and in which contract appellant Dillon is a principal and the Casualty Company is a surety; that the Casualty Company is a foreign corporation, having an agent and representative in Tarrant County, Texas, and that under sections 23 and 27 of Article 1995, R.C.S., venue against that defendant lies in Tarrant County, and that defendant Dillon being a principal on the contract sued upon, he is a proper party defendant, and

venue is fixed in Tarrant County, against him, by Section 4 of Article 1995, R.C.S.

Further allegation is made in the controverting plea to the effect that since Dillon is a principal in the written contract which is the foundation of plaintiff's cause of action, and because the contract provides that in any suit thereon, the employer must make the employee, whose fidelity is insured, a party defendant, the said Dillon was a necessary party to the action on the contract, and venue was fixed against him in Tarrant County, Texas, under section 29a of Article 1995, R.C.S., Vernon's Ann.Civ. St. art. 1995, subd. 29a.

A trial ·was had upon the two pleas of privilege and the controverting answers; both pleas were overruled by the trial court; the Casualty Company did not appeal. E. M. Dillon has perfected an appeal, and the rulings of the trial court, insofar as they affected him, are before us for review.

■ It is necessary that we first determine whether the written· contract, which appellee designates as the basis of its suit, is one of suretyship or one of insurance. We consider this necessary, in view of the contentions of appellee. As shown above, it is alleged the obligation sued upon was one by Dillon as principal and the Casualty Company as surety; this, coupled with the provision in the contract, as set out in the controverting answer, to the effect that the employee should be made a party to any suit on the bond, it is claimed, brought appellant under section 4 of Article 1995, for venue purposes, in Tarrant County. Even if it be conceded that appellant was a principal in the contract (which we shall later discuss), the settled rule of law in this state is that in such cases as the one before us, the fidelity insurer will be treated as occupying a different relation to the employer from that of a mere surety for his so-called principal. 39 Tex.Jur. p. 1025, sect. 110, announces the rule in such cases to be: "Where for a consideration and in the course of a business undertaking therefor, a corporation agrees to indemnify against loss arising for the want of integrity or fidelity of employees and persons holding positions of trust, the contract is one of insurance and not of suretyship. Hence the rules governing this form of insurance, instead of those relating to contracts of suretyship are applicable, and statutory provisions of R.S.1925, Articles 6244, 6245 and 6251 which relate to the rights of sureties have no application."

Cited under the above statement are many cases including American Surety Co. v. Austin, Tex.Com.App., 17 S.W.2d 777; Southern Surety Co. v. Austin, Tex.Com. App., 17 S.W.2d 774. In the last cited. case, the court had under consideration a suit on a surety or fidelity bond covering losses sustained by a state bank, on account of the failure of an employee to faithfully discharge his duties. The court there said (page 776) : "In determining whether a contract is one of suretyship or insurance, courts will consider the substance, rather than the form, of the contract. The fundamental nature of the contract cannot be changed by the names by which the parties may designate themselves. * * * The decisions in both state and federal courts are uniform in holding that a bond issued by a surety company of the nature here involved guaranteeing the fidelity and honesty of an employee is not a contract of suretyship, but one of insurance." Many authorities are cited by the court in support of the quoted statement, to which reference is here made.

It is obvious from what has been said about the date on which the contract of insurance was entered into and the date on which Dillon entered the employment of appellee, that Dillon did not execute the bond to appellee as principal and the Casualty Company as surety; the proof of appellee's allegation, that such was the relation each bore to it, consisted of the testimony of the local agent and representative of the Casualty Company, to the effect that appellant, E. M. Dillon, after becoming an employee of appellee, applied to the Casualty Company, for coverage under appellee's fidelity bond schedule.

██ The contract of insurance was introduced in evidence upon the hearing, and in addition to the provisions above quoted, in which the fidelity of all employees named in the schedule attached to the contract was guaranteed, it was further provided that: "Also other employees may be added to said schedule. The employer (appellee) shall make written application to the Surety for such increases, decreases or additions, specifying the names of such employees, their location, the effective date and the amount of such increase, decrease or addition. No such increase, decrease or addition shall be binding upon the Surety until the Employer shall receive the Surety's written acceptance thereof." It does not appear from the record before us that ap-

pellant ever made such application for additional names in the schedule of employees, as shown above, appellant Dillon made application for "coverage" under appellee's fidelity bond schedule. The Casualty Company admitted demand had been made by appellee upon it for payment of the amount claimed as Dillon's shortage under his employment, and that the Casualty Company had refused payment, because Dillon had claimed an offset in his favor against the appellee for an amount equal to that claimed by appellee. So the fact that appellee did not make application for additions to its schedule of employees covering Dillon, but instead one was made by Dillon, we think, will not control in a disposition of the venue issue tried by the court. In view of what we have said in this respect, appellant Dillon's plea of privilege may rest upon the same state of facts as if he had been originally named in the schedule of employees as of the date the contract was entered into in 1931. He was not by virtue of his application to be "covered", a principal in the obligation of the Casualty Company to appellee. Hence it must follow that, irrespective of what we have already said about the nature of such contracts, there is no joint and several obligation under the bond, of appellee on the one side and Dillon and the Casualty Company on the other. Dillon's liability to appellee was upon a tort, committed, if at all, in Dallas County, an action ex delicto, whereas appellee's cause of action against the Casualty Company was on the contract.

There is no question but that under sections 23 and 27 of Article 1995, R.C.S., appellee acquired venue in its action against the Casualty Company, unless appellee has waived that venue under another portion of the contract, which we shall later notice, wherein it contracted to make appellant Dillon a party to any suit on the bond. But we are here discussing the claim by appellee of its right of venue over Dillon under Section 4, Article 1995, R.C.S.

The section of Article 1995, R.C.S., last referred to reads: "4. *Defendants in different counties.*—If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides. * * *"

It is said in 39 Tex.Jur. p. 1040, sect. 124: "A suit on a fidelity insurance contract may be brought directly against the insurance company without joining the so-called 'principal' on the bond. R.S. Art. 6251, concern-

ing joinder of principal with surety, is inapplicable."

 It has been frequently held that to hold a non-resident defendant to litigate in a county other than that of his domicile under the above exception to the venue statute, the action against him and the resident defendant must be a joint and several one; it must be an action of the same nature against both. Appellee's charge against appellant Dillon was that he had misappropriated certain of its funds; that his infidelity had been the occasion of the loss by appellee of the amount of money claimed; that he had done a wrong. No such charge lies against the Casualty Company, and appellee's claim against it is purely contractual; the latter had contracted to insure appellee against the wrongs of appellant Dillon.

In Fox v. Cone, 118 Tex. 212, 13 S.W.2d 65, the court answered certified questions which involved venue of an action against a deputy sheriff, the sheriff and the sureties on the latter's official bond, for a false arrest and imprisonment by the deputy. The wrongful arrest and imprisonment took place in Refugio County, where the sheriff, the deputy and some of the sheriff's bondsmen resided; but one of the bondsmen resided in Harris County, where the suit was instituted, and venue was sought to be held against all in Harris County. All defendants except the resident surety filed pleas of privilege. The two questions certified were in substance: First, could the suit be maintained against all defendants under section 4 of Article 1995, in Harris County? Second, if the suit was maintainable in Harris County, against the resident defendant surety, which, if any, of the other defendants were suable in that county as necessary parties under section 29a of Article 1995? Construing the provisions of Section 4 of Article 1995, the court said (page 66): "This subdivision applies only to where the cause of action as to all parties is the same. McCauley v. McElroy (Tex.Civ.App.) 199 S.W. 317; Cruz v. Texas Glass & Paint Co. (Tex.Civ.App.) 199 S.W. 819." Further, the court said: "In the case presented by the certificate, the plaintiff in the suit has properly joined the real trespasser with others who are responsible for his acts, by reason of their contract. The action against the trespasser is one founded on tort. The action against the sheriff and his sureties is one founded on contract. Since one of the defendants had his domicile in Harris county, the plaintiff's suit was properly brought

there, but it does not follow that, in view of the due filing of a proper plea of privilege, by the alleged actual trespasser, as to him, the suit could longer thereafter be maintained in Harris county, since the trespass was committed in Refugio county, and the alleged trespasser had his domicile there." In answering the second question relating to who were necessary parties to the action against the sheriff and his bondsmen, the court held the offending deputy was not a necessary party in that suit, as contemplated under exception 29a.

 In Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, the provisions of Section 4 as an exception to the general venue statute were discussed by the court. It was there said (page 1302): "It is essential that a plaintiff seeking to obtain the benefit of exception 4 allege in his petition a joint cause of action against the resident and nonresident defendants, or a cause of action against the resident defendant so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits." To the same effect is the rule announced in 43 Tex.Jur. p. 753, sect. 37. It is alleged by appellee that the bond or obligation is the foundation of this suit. That being true, the shortage of appellant Dillon in his accounts could not be the controlling complaint, except insofar as it contributed to the liability of the Casualty Company under the contract. Nor was there any proof offered tending to show a joint liability between the defendants to plaintiff (appellee here). If it could be said that because both the appellee and the Casualty Company were sued on the bond alleging that Dillon was principal and his co-defendant was a surety, the testimony does not support such an allegation, but rather proves the contrary, as shown by the testimony on the point, already referred to. In addition to the authorities cited, the following cases support our conclusions that appellant Dillon cannot be held to answer this suit in Tarrant County, under section 4 of the general venue statutes: India Tire & Rubber Co. v. Murphy, Tex. Civ.App., 6 S.W.2d 141, and cases cited; Jasper State Bank v. Townsend, Tex.Civ. App., 98 S.W.2d 224; Clifton v. Price, Tex. Civ. App., 88 S.W.2d 783; Price v. Lovejoy, Tex.Civ.App., 88 S.W.2d 785; Price v. Schnaufer, Tex.Civ.App., 79 S.W.2d 872.

In the last cited case, this court discussed many of the points now before us; that

was a suit against a sheriff and his bondsmen; the former did not reside in the county where the suit was filed, but the surety company on his official bond had an agency and place of business in the county; the action was for a tort committed in a county other than the one in which suit was instituted; venue was claimed under sections 4 and 29a in Tarrant County, because the surety bonding company resided there. The nonresident defendants filed pleas of privilege. In speaking of the resident surety company, this court said (page 874): "It is liable only because of its contractual relationship and not because of the tort, the sole basis of this suit. The surety company is not joined as a participant in the tort. There was no concert of action as between the surety company and appellants; the insurance company has done no wrong, and therefore there is no joint liability." It was further held that one's privilege to be sued, if at all, in the county of his domicile, is a valuable one and should not be taken away upon a strained or doubtful construction of any one or more of the exceptions to the general venue statutes. Citing Lasater v. Waits, 95 Tex. 553, 68 S.W. 500. Under the authorities cited and for the reasons given, we conclude that appellant could not be held to answer appellee's suit in Tarrant County, because of the provisions of section 4 of Article 1995.

Appellee claims the venue was properly sustained in Tarrant County by the trial court under exception 29a of Article 1995, Vernon's Ann.Civ.St. That exception reads: "29a. [*Two or more defendants.*] Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

There is a provision in the contract sued on which reads: "In any suit or action the employee shall, if with reasonable diligence he can be found within the jurisdiction, be made a party to the suit and served with process therein." Appellee contends that by reason of the foregoing provision in the contract, in addition to its allegation that appellant was a principal in the obligation, appellant is a necessary party to the suit on the bond and therefore comes within said exception 29a to the venue statutes.

The testimony upon the trial, as we have seen, does not support the allegation that appellant was a principal in said contract, and appellee's chance to hold venue of him in Tarrant County rests upon the quoted provision in the contract. The bond with its conditions and provisions had been effective for more than two years when appellant requested the Casualty Company to let his name be covered, as in appellee's schedule of employees. Such an application would not render appellant liable to appellee for the performance by him of the terms of the contract between appellee and the Casualty Company; we rather think such contract bound appellee to prosecute any necessary suit on the bond, in such jurisdiction as would have venue of the employee. Such would not be inconsistent with the provisions of the instrument. In the absence of the quoted part of the contract, clearly appellee would have the right to maintain an action against the Casualty Company in Tarrant County, but having contracted to make the employee, a resident of Dallas County, a party to any such suit, to avoid the effect of a plea in abatement, if seasonably urged, the appellant will necessarily have to be made a proper party defendant.

Aside from the provision in the contract, made between appellee and the Casualty Company, above referred to, and to which appellant was not a party and cannot be bound by it, the appellant is not a necessary party to a suit by appellee against the Casualty Company on the bond. If the appellee was in a position to make proof of default by appellant in the discharge of his duties, and had not agreed to the quoted provision, it could recover on the bond, whether the employee was made a party or not. 43 Tex.Jur. p. 757, sect. 41, and cases cited in footnote; Fox v. Cone, 118 Tex. 212, 13 S.W.2d 65.

In the last cited case, to which we have previously referred in this opinion, and stated the nature of the action, relating to whether or not the deputy sheriff who committed the trespass in another county was a necessary party to the action against the sheriff and his bondsmen, the court said (page 67): " * * * It is apparent from what has been said in answering the first question that the deputy sheriff, the only alleged actual trespasser, was not a necessary party to the suit against the sheriff and his sureties for damages, based on the official bond of the sheriff."

Appellee cites us to the case of Smith v. Rogers, Tex.Civ.App., 34 S.W.2d 312, as au-

thority for the contention that appellant Dillon is a necessary party to this action. In that case suit was instituted on an official bond in the county where the sureties resided, and it was held that the principal maker of the bond was a necessary party to the suit and properly suable with his sureties in a county other than that of his domicile. But in the instant case, the bond sued on was not the obligation of Dillon nor was he in any way bound for its performance.

We do not think Dillon is a necessary party defendant to appellee's action against the Casualty Company on the bond, except insofar as the two contracting parties have agreed that he should be. Dillon cannot be bound by their private agreements, and thus deprived of his right to be sued if at all in the county of his residence.

We therefore hold that the trial court erred in overruling appellant's plea of privilege, and must sustain his assignments of error challenging the court's action in doing so. The judgment of the trial court is reversed, with instructions to sustain the plea of privilege of appellant Dillon, and order the venue changed as to both defendants to a district court in Dallas County, Texas.