## FETHERSTON et al. v. STATE et al.

### No. 3779.

Court of Civil Appeals of Texas. Beaumont.

Dec. 28, 1940.

Rehearing Dismissed Jan. 8, 1941.

Harry B. Sims, of Houston, for appellant.

Albert J. DeLange, of Houston, George Terry and Turner, Rodgers & Winn, all of Dallas, Gerald C. Mann, Atty. Gen., Geo. W. Barcus, Asst. Atty. Gen., and Vinson, Elkins, Weems & Francis and Tarlton Morrow, all of Houston, for appellees.

O'QUINN, Justice.

This appeal was prosecuted by appellants, Rosa Ryan Fetherston et al., to the Austin Court of Civil Appeals from the judgment of the district court of Travis county, sustaining the pleas of privilege of Stanolind Oil and Gas Company and Interstate Royalty Corporation, Ltd., transferring the cause to the district court of Brazoria county. The case is on the docket of this court by order of transfer by the Supreme Court.

The suit—in its nature a "vacancy suit" —was by the State of Texas against appellants, Rosa Ryan Fetherston et al., and appellees, Stanolind Oil & Gas Company and Interstate Royalty Corporation, Ltd., and others, and put in issue the title to six tracts of land, the first of 189.78 acres, the second of 124.87 acres, the third of 53 acres more or less, the fourth of 25 acres, the

fifth of unstated acres, and the sixth of 58.14 acres, aggregating 450.79 acres of land situated in Brazoria and Galveston counties. Appellants answered, in part, by petition in trespass to try title against appellees, its codefendants, claiming a part of the lands sued for by the State; part of the land sued for by appellants in their cross-action against appellees was not involved in the suit of the State; the land sued for by appellants in their cross-action was situated in Galveston and Brazoria counties. Appellees were made parties defendant by the State, and were not made parties in the first instance on the cross-action of appellants. Appellees filed no plea of privilege against the State's cause of action, but their pleas of privilege were directed against only the cause of action asserted by appellants in their cross-action.

No point is made against the venue of the district court under Article 5420, R.C.S. Vernon's Ann.Civ.St. art. 5420, of the State's cause of action against all of the defendants. We give appellants' proposition on which they seek to sustain the venue of their cross-action in Travis county: "Plea of privilege should not have been sustained to the cross-action of Rosa Ryan Fetherston and husband, B. J. Fetherston, as the ownership of the property is the ultimate issue involved in this cause; the State of Texas made these cross-plaintiffs and the Stanolind and Interstate parties defendant to its cause involving part of the same property; the action of the State of Texas, involving the title to these properties in Brazoria and Galveston Counties, is maintainable by the State of Texas in Travis County against all the above parties (who severally claimed the property) and the cross-action of cross-plaintiffs Rosa Ryan Fetherston and husband, B. J. Fetherston, is also maintainable in Travis County that they may get complete relief in one suit. The State of Texas has not filed any objection to the Fetherston suit. The District Court of Travis County has jurisdiction and venue to render complete relief in one suit of the entire subject matter in controversy."

■ We overrule appellants' proposition. The cause of action asserted by them in their cross-action against appellants is separate and distinct from that asserted by the State in its action against all of the defendants named in its petition. The state's suit was simply to have the land declared vacant public land, belonging to the Perma-

nent Free School Fund of the State of Texas. There is no relation whatever between the claim of the State and appellants' cross-action against appellees; appellants' cross-action against appellees must be tried on pleadings and evidence as between them only, and is governed by Section 14 of Article 1995, R.C.S. 1925, which reads: "Suits for the recovery of lands or damages thereto * * * . must be brought in the county in which the land, or a part thereof, may lie." Reeder & Lynch v. E. B. Hayes Machinery Co., Tex.Civ.App., 257 S.W. 947; Jasper State Bank v. Townsend, Tex.Civ. App., 98 S.W.2d 224; Hanner v. Caudle, Tex.Civ.App., 49 S.W. 411; McClure v. Pair, Tex.Civ.App., 214 S.W. 683; Shaw v. Stinson, Tex.Civ.App., 211 S.W. 505; Article 1995, Sec 14, R.C.S. 1925.

Appellants' cross-action against appellees being only for title and possession of land, the equitable rule of "joinder" to avoid "a multiplicity of suits" has no application; the venue of the cross-action is determined exclusively by Section 14 of Article 1995. On this point we quote Section 30 of Article 1995: "Whenever in any law authorizing or regulating any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

As sustaining our conclusion that the principle of joinder to avoid a multiplicity of suits does not control the mandatory provisions of Article 1995, we quote as follows from Republic Ins. Co. v. Walters, Tex.Civ.App., 88 S.W.2d 726, 728: "The two causes of action could, under the two subdivisions quoted, be maintained in Van Zandt county, and it is a general policy of the law, to avoid a multiplicity of suits, that such suits should be brought as one action; but, because of the mandatory exception declaring the venue to suits, for the recovery of lands or damages thereto, 'must' be brought in the county in which the land, or a part thereof, lies, courts would not be justified to strike down this declaration of the statute and exalt an opinion above the law, in order to extend the general equitable policy by retaining the entire suit against the statute. True, it seems to be a settled rule of law in this state that, in dealing with exceptions to the venue statute, which declare that a cause of action 'may' be brought in a particular county, or the venue is controlled by contract, as where one or more notes are made payable in a certain county, another and separate note, or account, may be added, to which no mandatory exception has application, the venue may be retained of the entire cause of action in the county having venue of any part thereof against pleas of privilege. Middlebrook v. David Bradley Mfg. Co., 86 Tex. 706, 26 S.W. 935; Warner v. Gohlman, Lester & Co., Inc., 117 Tex. 145, 298 S.W. 890. In many of the exceptions embraced in the venue statute, it is provided that suits 'may be brought' in some county other than the county of the domicile of the defendant; but, in many other exceptions, such as is involved here (subdivision 14), it is provided that the suit 'must' or 'shall' be brought in some other county. Courts do not extend the rule to causes coming clearly under the latter exceptions. Grogan-Cochran [Lumber Co.] v. McWhorter (Tex.Civ.App.), 4 S.W.(2d) 995."

Again, in Pena v. Sling, 140 S.W.2d 441, 445, 128 A.L.R. 1223, writing for our Supreme Court, Judge Critz said: "Under exception 14 it is provided that suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie. It will be noted that this exception uses the mandatory word, 'must.' Under this exception it is therefore mandatory that a suit to litigate the title to or to recover land must be brought in the county where the land, or a part thereof, is situated. It is held that an action to recover land has a well-known and definite meaning, and means an action in ejectment, trespass to try title, or suit to recover the land itself. Hearst's Heirs v. Kuykendall's Heirs, 16 Tex. 327; Thomson v. Locke, 66 Tex. 383, 1 S.W. 112. It follows that any suit to try title, or to try title and recover possession of land, must be brought in the county in which the land, or a part thereof, is situated."

Again, Sections 13, 23, 27 and 29a of Article 1995, Vernon's Ann.Civ.St. art. 1995, subds. 13, 23, 27, 29a, advanced by appellants as sustaining their venue in Travis county, have no application since they must yield to Section 14. In South Texas Development Co. v. Mrs. Myrta Williams, 130 Tex. 217, 107 S.W.2d 378, Judge German said:

"A general demurrer was sustained to the various pleas of privilege by the trial court, presumably on the theory that as to the de-

fendants residing in Harris county they could not insist upon the privilege of being sued in a county outside of the county of their residence, and as to the defendants who resided in Montgomery county they could be required to submit to the suit in Harris county because of subdivision 29a of article 1995 * * *. Defendants appealed, and the Court of Civil Appeals has certified to the Supreme Court the following question:

" 'The action being one affecting land located in Montgomery County within the purview of section 14 of R.S. Article 1995, did that statute confer upon the appellants —in response to their pleas of privilege, which so expressly recited that they resided in Harris County—the right to be sued thereon only in Montgomery County, where the land lay?'

"Subdivision 14 of article 1995 is as follows:

" 'Suits for the recovery of lands or damages thereto, or to remove incumbrances upon the title to land, or to quiet the title to land, or to prevent or stay waste on lands, must be brought in the county in which the land, or a part thereof, may lie.'

"While this subdivision is not jurisdictional in the sense that it may not be waived, yet it is mandatory in the sense that, when any one necessary defendant objects in proper time and manner to a trial of the cause in any county other than that in which the land is situated, the cause must be transferred to that county. Russell v. [Texas & Pac.] Ry. Co., 68 Tex. 646, 5 S.W. 686; Bender v. Damon, 72 Tex. 92, 9 S.W. 747; Fort Worth & D. C. Ry. Co. v. Jenkins (Tex.Civ.App.) 29 S.W. 1113; Black v. Black (Tex.Civ.App.) 82 S.W. (2d) 1073."

On this point see, also, Pena v. Sling, supra; Norvell v. Stovall, Tex.Civ.App., 95 S.W.2d 1313; Grogan-Cochran Lbr. Co. v. McWhorter, Tex.Civ.App., 4 S.W.2d 995.

Reagan County Purchasing Co. v. State, Tex.Civ.App., 65 SW.2d 353, is the principal case cited by appellants to support their venue in Travis county. The controlling facts in that case are: In 1928 the State recovered judgment against certain purchasing and producing companies in the amount of $1,000,000 for royalty on oil produced on University land, under construction of certain contract of purchase;

the judgment left open the future construction of the contract. In 1931, the State again sued the companies for $575,000 additional royalty on allegations that a controversy had arisen between the purchasing and producing companies as to the construction of the respective leases and of the price clause of the purchasing contract. The producing companies filed cross-actions against their codefendants, the purchasing companies, alleging that if the purchase contracts were to be construed so as to give the State an award, then that the same construction of the contract would give them eight times as much. The defendant purchasing company filed its pleas of privilege to these cross-actions of the producing companies. The pleas of privilege were overruled by the trial court. The Austin Court of Civil Appeals affirmed the judgment of the lower court on the following grounds:

(1) The same evidence which would establish the State's right would also establish the producing company's right to recover on their cross-actions.

(2) The same primary purpose underlay the cross-actions of the State's suit, namely, that of construing the price clause of the purchasing contract.

(3) The same parties were in the cross-actions as were parties to the main suit.

Appellants' case is not in point; in the case at bar, the State's case and appellants' cross-action have neither the same primary purpose, nor are they provable by the same evidence. Again, in the Reagan County case, Sections 5, 27 and 29a of Article 1995, Vernon's Ann.Civ.St., were in issue; these are "permissive" sections and must yield to the mandatory provisions of Section 14. Appellants also cite Service Drilling Co. v. Woods, Tex.Civ.App., 120 S.W.2d 608; that case is not in point but falls within the rule of construction invoked in the Reagan County case on the three points summarized above. Lottman v. Cuilla, Tex.Com.App., 288 S.W. 123, also cited by appellants, has no application; that case involved contribution between joint tort-feasors and was controlled by the three principles summarized above from the Reagan County case.

It follows that the judment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.